## SARGENT FRENCH *vs.* CHARLES CAMP & *al.*

All have a lawful right to travel on a public river upon the ice; and if any one cuts holes through the ice upon or near the place where there has been a winter way for twenty years, he is liable to the payment of all damages sustained thereby by those travelling upon such way without carelessness or fault on their part.

THIS was a special action on the case, alleging, that by means of a hole cut in the ice in *Penobscot River* by the defendants, the plaintiff lost his horse, he being then lawfully traveling on the ice, and the horse having fallen in and having been drowned.

There was proof in the case tending to show, that there had been a road in the winter on the ice, near the place where the defendants cut the hole, for more than twenty years.

SHEPLEY J., at the trial, instructed the jury, that the citizens had a lawful right to travel on the river upon the ice; and that if they believed there had been a traveled path as testified, and that the defendants cut the ice so near as to render it dangerous to travel there; and that the plaintiff met with the loss of his horse in the manner stated in the testimony, and without any carelessness or fault on his own part, but by reason of the cutting of the ice by the defendants; they would find for the plaintiff the value of the horse so lost.

The jury found for the plaintiff, and the defendants filed exceptions.

*J. Appleton*, for the defendants, contended, that the instruction was erroneous. Public roads or highways are either by statute provisions, or by prescription, which supposes there was a statute laying out, which has been lost by lapse of time. There can be no statute laying out of a road upon a river; and being in its nature temporary, there can be no road by prescription. 2 *Mass. R.* 171; 6 *Mass. R.* 691. Nor can the statute regulating ferry ways aid the plaintiff. *St.* 1821, c. 292; 3 *N. H. Rep.* 335; 2 *Conn. R.* 610. When a road is once established by prescription, all the statute incidentals to a highway, such as keeping in repair, attach. 17 *Pick.* 163; 5 *Greenl.* 368; 2 *Greenl.* 65; 4 *McCord,* 400; 5 *N. H. Rep.* 558; 1 *Greenl.* 111; 3 *Taunt.* 100; 4 *N. H. Rep.* 381; 1 *Bailey,* 58; 4 *Greenl.* 272; 3 *Pick.* 413; 4 *Pick.* 466; 2 *Pick.* 60; 7 *Pick.* 68.

If there was no road, then the lawful right to travel upon the river, which is founded alone upon such supposed road, ceases. That ceasing, the plaintiff was traveling without right. 3 *Pick.* 412; 8 *T. R.* 186; 1 *Campb.* 346; 1 *Cowen,* 78; *Cro. Jac.* 158.

The instruction, that if the hole was cut near the road the defendants were liable, was erroneous. A road must have defined limits. A vague and indefinite right of way is not the subject of prescription. 5 *Pick.* 485; 5 *Conn. R.* 305.

*M' Crillis,* for the plaintiff, contended, that as the plaintiff had sustained an injury by the act of the defendants, he was entitled to recover, unless they could show a justification of their doings. An easement upon the water may be acquired by the public, or by individuals by prescription, as well as upon the land. There was nothing for the jury to decide, as there was no conflicting testimony, and no opposing claims or rights set up. There is no distinction in principle or authority between prescriptive rights on water in the summer and in the winter. No persons can cause dangerous pits to be made upon or near a way, without subjecting themselves to the payment of damages. *Hazard v. Robinson,* 3 *Mason,* 274; *Shaw v. Crawford,* 10 *Johns. R.* 236; 3 *Kent,* 451; *Chitty's Pr.* 453, 604; 4 *Bing.* 628; 3 *B. & Ald.* 304; 7 *B. & Cr.* 39.

The opinion of the Court was drawn up by

WESTON C. J. — The waters of the *Penobscot* are, of common right, a public highway, for the use of all the citizens. This right is generally exercised, when they are in a fluid state; but when congealed, the citizens have still a right to traverse their surface at pleasure. Travelers have occasion to cross that, and other public rivers or streams, upon the ice, at points where public ferries have been established. And certain duties are by law imposed upon ferrymen, to aid the public in the enjoyment of this right. *Stat.* 1825, *c.* 292. And it is matter of general notoriety, that in all the settled parts of the State, public rivers and streams, not broken by falls or rapids, are traversed up and down upon the ice, in such well marked and beaten ways, as are most convenient for the public. They are not proper subjects for the application of the statute

French *v.* Camp.

laws, provided for the location of public roads or highways ; nor are they susceptible of being governed by the rules and principles, by which easements of this kind may be otherwise acquired on land. Yet we do not hesitate to regard them as public rights, so far under legal protection, as to entitle a party to a civil remedy, who is wantonly and unnecessarily disturbed by others, while attempting to participate in their enjoyment.

It is contended, that the defendants had an equal right to cut a hole in the ice, to water their horses or other cattle, or for other purposes. Assuming that the defendants have as good a right to the use of the water, as the plaintiff, or the public generally, had to the right of passage, the use of a common privilege should be such, as may be most beneficial and least injurious to all, who have occasion to avail themselves of it. To cut a hole in the centre of a road upon the ice, or so near it, as to entrap a traveler, is a wanton and unnecessary disturbance of the right of passage. It is making an improper use of a part of the river, lawfully appropriated, for the time being, to a different purpose. It is a direct violation of that great principle of social duty, by which each one is required so to use his own rights, as not to injure the rights of others. With the common bounty of Providence, accessible to them at all points below the surface of the ice, the act of the defendants, in subjecting the plaintiff to loss, to whom no fault can be imputed, and who was in the lawful exercise of his rights, cannot be justified ; and in our opinion, they must be held answerable for the damage they have occasioned.

*Judgment on the verdict.*