ANGELINE C. JOHNSON et al., as Administrators, etc., Respond-
ents, *v.* MARIA J. MYERS, Executrix, etc., Appellant.

Same Respondents, *v.* MARIA J. MYERS, Appellant.

(Argued June 23, 1886; decided November 23, 1886.)

THESE actions were brought by plaintiffs as administrators
of the estate of Stephen B. Johnson, deceased ; one to recover
for services alleged to have been rendered by plaintiffs' intes-
tate to Austin Myers, defendant's testator, during his life-time,
the other for services rendered to defendant in and about set-
tling the estate.

Myers and Johnson were copartners in some business enter-
prises, and the defense was mainly based on the ground that
the alleged services were rendered in conducting and carrying
on the joint enterprises; on the part of plaintiff it was claimed,
and it was found upon testimony, which the court here deemed
sufficient, that services were also rendered by Johnson for
Myers and defendant in other business matters in which he had
no personal interest.    The plaintiff, Angeline C. Johnson, who
is the widow of her intestate, was called as a witness in
plaintiff's behalf, and testified to a knowledge of the services.
The following extract from the opinion presents some questions
as to evidence :

" Mrs. Johnson swearing to this knowledge, shown to be correct, and with abundant opportunity to know, and that the best of any living person, was then asked what proportion of Johnson's time was devoted to Myers' business. To this it was objected that the witness was incompetent to give an opinion, and that it appeared that Johnson and Myers were partners. The objection was overruled and an exception taken. The witness answered, ' one-half from 1864, to the time of Johnson's death.' The objection was not sound. The question called for a fact within the witness' knowledge and not for an opinion. If a person familiar with the character of Myers' business had been asked how much of one man's time it would have taken to conduct or transact it, that would have called for an opinion, but if asked how much time it did take, no opinion would be sought but a fact founded upon knowledge. That was the character of the question put to Mrs. Johnson. A fact was asked for of which she had some knowledge and which she could answer to the extent of that knowledge. How gravely inconsistent it would be for us to hold the admission of this question error is apparent from our own ruling in a much more debatable case. (*Hallahan* v. *N. Y., L. E. & Western R. R.*, 102 N. Y. 194,195.) There the witness who saw the passenger answered, ' I should judge ' that deceased's elbow was not out of the window from the position that he held it in the car. A motion to strike out the answer was denied on the ground that if the answer seemed an opinion, it was in effect not one, but at least was admissible as an opinion founded upon knowledge. Estimates of time and value thus founded are always admissible, and no objection was taken in this case that Mrs. Johnson had not sufficient knowledge. She swore that she had, the opportunity was certainly hers, and the facts corroborate and support the truth of her answer. Bearing upon them as we have said, was a voluminous correspondence read in evidence, the details of the defendant's own account against Johnson which show a large mass of business done by him for Myers and his estate resulting in the receipt and payment of very considerable sums of money, and the evidence of other witnesses as to services rendered, and the value of the same. The finding of the referee upon the sub-

ject was not unreasonable, or outside of the inferences which were possible from the proof.

" An exception was taken to a question put to Jewett, which was this :  ' Have you ever been with Colonel Johnson when he was professedly in Captain Myers' business ? '  The ground of the objection was that the question called for the declarations of Johnson in his own favor. ' That was not the object or effect of the evidence.  The purpose was not to prove by Johnson's statements that he was at work for Myers, but to show that the witness was acquainted with the kind of business in which Johnson was engaged, and which by other evidence it was claimed to have been shown was that of Myers, with a view to obtaining from the witness his estimate of the value of Johnson's services.  This is made quite apparent by what immediately preceded the objection.  Jewett had said that he saw Johnson engaged in work which the latter represented to be that of Myers.  A motion was made to strike out Johnson's declarations in the absence of Myers, and the motion was granted.  The referee, therefore, certainly did not understand the word ' professedly ' used in the question as calling for a class of evidence just held by him to be inadmissible, and must have understood the inquiry as merely preliminary to the proof of value afterward given.  It may be added that the answer was harmless.  It showed the intestate ostensibly engaged in services for Myers, but not that he was so engaged or what the services were.  The referee quite certainly understood those facts were not proved by Jewett.

The plaintiff was permitted to show what the value of the services of such a man as Colonel Johnson was, and to this there was an exception.  It is now argued that his character and ability had nothing to do with the value of the services. We think it had much.  The duty to be done required the best of judgment, a skill and ability beyond the average, and was largely of a confidential character.  It had no common and general market value.  The work was not merely ministerial or a service which anybody could render.  The business was varied and complicated and in many directions responsible, and the man chosen to perform it by reason of his capacity and

ability had a right to be paid upon the standard of the capacity which entered into the work and formed the principal and essential value of the services."

*William G. Tracy* for appellant

*Charles A. Hawley* for respondents.

Finch, J., reads for affirmance ; Miller, Earl and Danforth, JJ., concur ; Ruger, Ch. J., Rapallo and ·Andrews, JJ., dissent.

Judgments affirmed.