Catharine Jennings, Respondent, v. Henry Van Schaick, Appellant.

One passing along the sidewalk of a street in the city of New York has a right to assume that openings in the sidewalk, communicating with vaults below, will be securely covered, or if left open, will be guarded by some one to give warning, or by the crib or box prescribed by the city ordinance.

Where an owner, by permission of the municipality, builds a coal-vault under or adjoining the sidewalk, with such an opening, constructed in all respects safely and properly, and then rents the premises to a tenant, who takes the entire possession and occupation, the landlord reserving no control, and the tenant in his use of the property carelessly leaves the coal-hole open whereby some one is injured, the tenant and not the landlord is liable.

Where, however, the building is rented in flats or apartments and the owner remains in control to some extent, employs a janitor to take care of the premises, who, in the discharge of his duty as such, controls the coal-vault and the opening in the sidewalk thereto, and through his negligence in leaving the opening unguarded an injury happens, the owner is liable, and this although the coal for the occupants of the apartments is received through the coal-hole.

Where such an opening has been made with the consent of the municipality it is not in and of itself a nuisance, but the consent being conditioned upon certain modes of use if the opening is left unguarded, it becomes a nuisance.

(Submitted February 8, 1888; decided February 28, 1888.)

Appeal from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order dated February 1, 1886, which affirmed a judgment upon a verdict in favor of plaintiff and affirmed an order denying a motion for a new trial. (Reported below, 13 Daly, 438.)

This action was brought to recover damages for injuries received by plaintiff by reason of her falling into a coal-hole or opening in the sidewalk in front of an apartment-house in the city of New York owned by defendant. The coal-hole had been left open for the purpose of receiving coal; there

was no crib or box around and no one to warn persons passing on the sidewalk.

The further material facts are stated in the opinion.

*A. H. Stoiber* for appellant. A distinction must be made in favor of the landlord when a coal-vault or hole is perfect in construction, and the accident arises from no defect in its condition, but from and during the use of the same by a tenant. (*Swords* v. *Edgar*, 59 N. Y. 28; *Rich* v. *Basterfield*, 4 M. G. & S. 783; *Todd* v. *Flight*, 9 C. B. [N. S.] 377; *Edwards* v. *N. Y. C. & H. R. R. R.*, 98 N. Y. 245; *Wolf* v. *Kilpatrick*, 101 id. 146; *Owing* v. *Jones*, 9 Md. 108; *Staple* v. *Spring*, 10 Mass. 72; *Waggoner* v. *Jermaine*, 3 Den. 306; *Fish* v. *Dodge*, 4 id. 311; *House* v. *Metcalf*, 27 Conn. 532; *Smith* v. *Elliot*, 9 Barb. 345.)

*Jeroloman & Arrowsmith* for respondent. The defendant, as the owner of the premises, is liable to the plaintiff for the injuries she has sustained, having maintained and continued the coal-hole as appurtenant to his premises; altering it from time to time to suit himself. (*McGuire* v. *Spence*, 91 N. Y. 305; *Irvine* v. *Wood*, 51 id. 224; *Swords* v. *Edgar*, 59 id. 34; *Clifford* v. *Dam*, 81 id. 56; *Congreve* v. *Smith*, 18 id. 79; *Anderson* v. *Dicke*, 26 How. Pr. 105.) If there was any justification for the defendant's opening the coal-hole, in the crowded street, on the afternoon of October 2, 1882, it was incumbent upon the defendant to allege it as well as prove it. (*McGuire* v. *Spence*, 91 N. Y. 303, 305, 306; *Driscoll* v. *Mayor, etc.*, 11 Hun 101.)

FINCH, J. The plaintiff fell into an open coal-hole left uncovered and unguarded in a crowded city street. She had a right to assume the safety of the sidewalk, and so was not called upon to give attention to her steps, until in some manner warned of danger. Undoubtedly she knew that vaults and coal-chutes were common under and adjoining the sidewalks, and that through the ordinary openings coal was deposited in

such vaults. But she had a right to assume that they were securely covered, or if left open were guarded by some one to give warning, or by the crib or box prescribed by the city ordinance. Neither protection was provided in the present case. It was said that loose coal lay around the opening, and its presence should have warned the plaintiff of danger. In a crowded street it might not be observed in time to avoid a fall, but she swears no such sign of possible peril was present, and, though contradicted, we must take the verdict of the jury as settling the question of fact in her favor. Somebody, therefore, was responsible for the injury. It does not appear that the defendant, who owned the premises, had ever obtained from the municipal authorities any formal license or permission to construct the opening in the sidewalk, but such authority was a reasonable inference from an acquiescence of eighteen years without objection from the city. Assuming, however, that authority for the construction had been granted, the duty of safe covering and of protection when open remained, and if not performed the unguarded opening became at once a wrong and a nuisance. Where an owner builds a coal-vault under or adjoining the sidewalk with an opening to the surface by the permission of the municipality, and constructs it in all respects safely and properly, and then rents the premises to a tenant who takes the entire possession and occupation, the landlord reserving no control, and the tenant in his use of the property carelessly leaves the coal-hole open whereby some one is injured, it is the tenant and not the landlord who is liable, since the latter has neither created nor maintained a nuisance, nor been guilty of any negligence or wrong. But that is not this case. The building was rented in flats or apartments. The owner remained in control to some extent and hired and employed a janitor to take care of the premises. He controlled the halls and some portion of the basement and especially the coal-vaults in one of which was stored the coal for the building, and in the other that for the tenants. The coal for the building was for the use of the janitor and the engineer. The cover to the sidewalk opening was held in its

place and so made safe by a chain fastened underneath.   When this coal was delivered the janitor took the ticket and unfastened the chain so that the cover could be removed.   His employment by the tenants was to deliver the coal to their rooms. To open the coal-chute and allow it to be received was his duty as janitor, under his employment by the owner.   That duty he neglected to perform properly and permitted the cover to be removed without the least attention to the safety of those passing by.   There was thus enough in the case to make the owner responsible for the injury.   The evidence permitted an inference by the jury that the landlord controlled the use, and did not admit the inference involved in the requests to charge, which were refused, that the tenants employed the janitor to open the cover and see to the delivery. Roberts said his employment by Dannat, the tenant, was to deliver coal to his rooms, and the effort to make him say differently failed.

The exceptions relied upon by the appellant were mainly involved in two propositions of the defense — the one that the action was not founded upon a wrong, as charged by the court; and the other that the jury were at liberty to find from the evidence that the janitor was the servant of the tenant in the use and management of the coal-hole, and not of the defendant.

We have assumed that, from long use and acquiescence, the consent of the municipal authorities to the construction of the coal-vault and its aperture should be inferred, and so the structure was not, in and of itself, a nuisance.   But the consent of the city is conditioned upon certain modes of use, and if the opening is left unguarded it becomes at once a trap and a nuisance.   No consent to leave it open and unprotected can be possibly claimed; and so the act is a positive wrong on the part of the person or individual leaving it open, and without warning to the public, either by some one guarding it, or by a box or crib placed over it as required by the city ordinance. The court, therefore, did not err in saying that the action was founded upon a wrong, and in treating the open and unprotected coal-hole as a nuisance.

Thereupon the question arose who was guilty of the wrong and responsible for the nuisance, and that ended in the inquiry who controlled the use of the coal-hole. The janitor controlled it beyond question. He occupied the basement and had the care of whatever about the house was for the common convenience of the tenants. If the cover on the sidewalk was so made that it could be opened by anybody from the outside, maliciously or accidentally, the construction was faulty. But that apparently was not the case, and the janitor himself scarcely denies that he loosened the chain and allowed it to be opened. He was the servant of the owner, put there to control and care for the premises. Until some evidence was given to change that relation the owner alone was responsible for the wrongful management of the coal-hole. We discover no such evidence. The janitor testified that "the coal-hole in question here was used *for* the tenants;" that he was employed by some of the tenants to "deliver coal to" their rooms or apartments; and that answer, being unsatisfactory, was followed by a very leading question, viz.: "To see that it was delivered in the house?" which the witness answered by saying, "I didn't take it in that consideration." None of the evidence of the witness tended to show that this coal-hole was put under the control or care of any one or all of the tenants, and the requests to charge that the jury might find that it was in the exclusive use of the tenants and so the landlord was not liable, and that if they found that what the janitor did "in regard to the receipt, delivery *or removal* of the coal" was for the tenant, Mr. Dannat, "and not for or in the service of the defendant," then the defendant is not liable, were properly refused. There was no evidence to justify such finding by the jury. Admitting that it was no part of the janitor's duty to "assist" in putting in or receiving coal for the tenants, it by no means follows that the opening and closing of the cover and its general control did not devolve upon him as the servant of the owner. The landlord, through his janitor, retained the general possession of the house and had not absolutely parted with its control. It remained his duty to care

for the sidewalks, to remove the snow, and keep them safe, and in no respect had he shifted that duty upon those occupying rooms or apartments in the building. He never transferred and they never accepted any such duty or obligation. It attached to his ownership, and could only be removed by a complete transfer of the possession which left no power of control in him. For these reasons, we think no error was committed on the trial.

The judgment should be affirmed, with costs.

All concur, except EARL and PECKHAM, JJ., not voting.

Judgment affirmed.