DETERMINED IN THE

# SECOND DEPARTMENT

AT

# GENERAL TERM,

## May, 1890.

---

MICHAEL HUGHES, Respondent, v. THE ORANGE COUNTY MILK ASSOCIATION, Appellant, Impleaded, etc.

*Negligence — use of a hole in the sidewalk leading to a manure-pit.*

In an action to recover for personal injuries sustained through the alleged negligence of the defendant, it appeared that the defendant occupied premises in the city of New York as a stable, connected with which was a pit under the sidewalk of the street. From this pit the manure was taken through an opening in the sidewalk, the cover of which was necessarily removed at such times. At the time of the accident as the plaintiff passed through the street, which was quite dark, a strong wind was blowing in his face. He saw the smoke from the manure but did not know, and could not see, from whence it came until he fell into the hole where he was seriously injured.

*Held*, that the defendant was bound to see that the sidewalk was made safe while the hole was open, and was, by the jury, properly held liable to the plaintiff for the damage sustained by him.

APPEAL by the defendant, the Orange County Milk Association, from a judgment, entered in the office of the clerk of Kings county on the 29th day of January, 1889, after a trial before the court and a jury at the Kings County Circuit, at which a verdict was rendered by the jury in favor of the plaintiff for the sum of $4,680.

The action was brought to recover damages against the Orange County Milk Association and Michael McGirr, because of personal injuries sustained by the plaintiff by reason of his falling into a

manure pit in front of premises occupied by the defendant, the Orange County Milk Association, for a stable, from which manure was at the time being removed by workmen in the employ of the defendant McGirr.

*Richard L. Sweezy*, for the appellant.

*Charles J. Patterson*, for the respondent.

BARNARD, P. J.:

The defendant, the Orange County Milk Association, occupied premises in New York city as a stable. The defendant McGirr was under a yearly contract with the association to remove the manure therefrom. There was a pit under the sidewalk of the street and the manure was taken from this pit and carried away. The covering over the mouth of the pit was necessarily removed while the manure was being taken out. The hole was of considerable size, being three or four and one-half feet by three feet, the longer side being parallel with the street. The hole was seven or eight feet deep. On the morning of the 29th of December, 1887, the plaintiff was passing along this sidewalk. There was a strong wind blowing in his face and it was quite dark, being about half past six o'clock. It was very cold. The sidewalk was very narrow, sufficient for only two men to walk abreast. The hole is some three feet from the curb-stone. The smoke from the manure was dense and the wind blew it in the face of the plaintiff. The plaintiff saw the smoke but did not know it came from an open hole, as there was manure outside in the street. The plaintiff fell into the hole and fell clear to the bottom of the pit and was injured. Assuming a cause of action, does it exist against the Orange County Milk Association under these facts? The association was the lessee and in possession of the premises and had entire control of the use and mode of use of them. The pit was not of itself a nuisance, but became so when it was left unguarded. The cases cited to show that a landlord who has hired premises with a coal-hole under the sidewalk excavated by permission of the city, and well made, is not responsible for the neglect of a tenant who has entire possession, have no application to this case. *Wolf* v. *Kilpatrick* (101 N. Y., 146) was a case where a stranger wrongfully broke the stone

supporting the covering of the hole. The case of *Jennings* v. *Van Schaick* (108 N. Y., 530) was a case where a house was rented in flats. A janitor lived in the basement. There was a coal-hole under the sidewalk, built by legal permission. The owner hired the janitor. He left the coal-hole open and the Court of Appeals held the owner liable. This case is really much stronger against the defendant company, for it had the premises and hired the man to remove the manure. This man was not a tenant, but a servant of the company. The company was bound to see to it that the sidewalk was made safe while the hole was open. (*Clifford* v. *Dam*, 81 N. Y., 52.) If this is the correct view, the question of the accuracy of the rulings in respect to the admission of the New York city ordinances as to pits under sidewalks becomes immaterial. The ordinances merely provide for the safety of the open hole and the defendants were bound to see to that without them. If the evidence in support of the extent of the injury was credited by the jury, the verdict is fully supported. The plaintiff was a strong man before the accident and was earning three dollars and fifty cents a day as a journeyman cooper. In consequence of his injury his flesh has wasted away. He has no strength to go upstairs without the aid of the banister. He cannot even walk the street for over a few minutes. He has been "laid off" from his employment because he cannot do the work, and his condition is growing constantly, but slowly, worse. He has trouble with his breathing and his heart action is affected. The physician who attends him fixes eight years as his limit of life. It would be impossible for an appellate court to weaken this testimony, even if the rule in respect to appeals from verdicts on questions of fact permitted a review.

The jury on questions of fact are only to be subject to review in extreme cases. This is not such a case, and the judgment should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Judgment and order denying new trial, affirmed, with costs.