### STARING v. WESTERN UNION TEL. Co.

(*Supreme Court, General Term, Fourth Department.* November 20, 1890.)

**1. NEGLIGENCE—PLEADING.**

A complaint alleged that, as plaintiff was driving along a public highway, defendant, while removing the telegraph wires from its poles along the highway, negligently and unlawfully struck the horse and wagon with the wire, and frightened his horse and caused it to run away and injure plaintiff. The court charged that plaintiff could recover if the injury was caused by a wrongful obstruction of the highway by defendant, and plaintiff was free from contributory negligence. Defendant requested a charge that there could be no recovery unless defendant's servants negligently and wrongfully, in an attempt to throw the wire which they were removing over plaintiff, struck the horse or wagon, which the court refused to make. *Held*, that the charge of the court was within the scope of the pleadings.

**2. DAMAGES—EVIDENCE.**

Testimony as to plaintiff's hearing, memory, temper, manner of doing business, his ability to labor, and his health before and after the accident, was properly admitted to show the nature and extent of the injury, the evidence being confined to facts within the observation of the witnesses.

Appeal from circuit court, Chemung county.

Action by Jerome W. Staring against the Western Union Telegraph Company. There was a verdict for plaintiff, and, from the judgment entered thereon in his favor for $9,237.19, defendant appeals.

Argued before MARTIN, J., and MERWIN, J.

*Jacob Schwartz*, for appellant. *Frederick Collin*, for respondent.

MARTIN, J.    The plaintiff in his complaint alleged that, as he was driving upon a public highway in the town of Elmira, N. Y., the defendant, while engaged in removing the telegraph wires from its poles, (which were set along such highway,) negligently, wrongfully, and unlawfully attempted to throw one of its wires over the plaintiff, his horse and wagon, while he was on said highway, and in doing so negligently, wrongfully, and unlawfully struck the horse with the wire, and also at the same time negligently, wrongfully, and unlawfully struck the plaintiff's wagon, and thereby frightened his horse, and caused him to run away and greatly injure the plaintiff. A careful examination of the evidence shows that it was sufficient to justify the jury in finding the facts alleged.

The court submitted to the jury the question whether the highway where the accident occurred was wrongfully obstructed by the defendant, and charged that if the plaintiff's injury was caused by such obstruction, and he was free from contributory negligence, he was entitled to recover.    The court also charged: "If you find from this evidence that in consequence of the carelessness or negligence of this defendant this plaintiff has been injured, and that injury has been caused without any contributory negligence on his part, and you come down to the question as to how much damage he has sustained, you will consider that question as coolly, as dispassionately, as you would consider a question of that kind between two of your neighbors."    At the conclusion of the charge the defendant's counsel requested the court to charge "that there can be no recovery in this case unless they find that the defendant's servants negligently and wrongfully, in an attempt to throw the wire which they were removing over the plaintiff, struck the horse or wagon."    To this request the court replied: "I refuse to charge upon that subject, or other than what I have charged upon that subject."    To this the defendant excepted.    The defendant also excepted to the charge so far as it instructed the jury that the plaintiff was entitled to recover if they should find that the injury was caused by a wrongful obstruction of the highway by the defendant.    The plaintiff was lawfully upon the highway when the accident occurred.    He had a right to assume that it was in a safe condition, and would not be obstructed or rendered dangerous by any act of the defendant.    *Jennings* v. *Van Schaick*, 108 N. Y. 530, 15 N. E. Rep. 424.    The defendant's right to the use of the highway for the purpose of constructing, maintaining, or removing its telegraph line was subject to the use of the traveling public.    The defendant had no right to use the highway so as to obstruct it or render it dangerous to public travel.    *Sheldon* v. *Telegraph Co.*, 4 N. Y. Supp. 526.    The appellant claims that the case was submitted upon an erroneous theory, in that the cause of action alleged was for negligence, while the case was submitted to the jury on the ground of an unlawful and wrongful obstruction of the highway.    The evidence was sufficient to justify the submission to the jury of the question whether the defendant wrongfully obstructed the highway at the place where the accident occurred, thereby causing the plaintiff's injury, and to uphold the verdict on that ground.    Therefore, the only question presented is whether, under the pleadings, it was error to charge that the plaintiff might recover upon that ground.    No objections to the evidence were made on the ground of the insufficiency of the pleadings, nor were the exceptions to the charge or refusals to charge placed on that ground.    The complaint was for the wrongful and unlawful act of the defendant, as well as for its negligence.    The allegations of the complaint were not of a mere omission by the defendant to perform some act or duty, but were that it committed a positive act wh ch was wrongful and unlawful.    The act was proved as alleged.    The proof tended to show that it constituted a wrongful and unlawful use of the highway, which amounted to an obstruction.    It will be observed that the court, in effect, submitted to the jury the question whether the transaction which was the basis of this action was as alleged and proved by the plaintiff, or whether

it was as claimed by the defendant, and that the court instructed the jury that if it was as alleged and proved by the plaintiff he could recover; if not, that their verdict should be for the defendant. In the charge the court sometimes referred to the act of the defendant, as proved by the plaintiff, as an obstruction of the highway, and at others as negligence by the defendant. The error claimed seems to relate more to the form of expression employed by the learned trial judge than to the substance or effect of the instructions given. We thing the complaint was sufficient to sustain the recovery in this action, and that the defendant's contention that the case was submitted to the jury upon an erroneous theory cannot be sustained.

The defendant's exceptions to the rulings of the trial court on the reception and rejection of evidence were quite numerous. Most of them related to the reception of evidence tending to show the physical, and perhaps to some extent the mental, condition of the plaintiff before injury, and also afterwards. The evidence objected to was as to his hearing, memory, temper, manner of doing business, his ability to labor, and his health before and after the accident. The purpose of this evidence was to show the nature and extent of the plaintiff's injury. An examination of the rulings to which these exceptions were taken discloses that the court confined the testimony of the witnesses to facts within their observation which tended to establish the plaintiff's condition in those respects. It is impracticable to examine each of these exceptions separately and in detail. The learned trial judge was quite careful in excluding any evidence of the opinion or conclusion of the witnesses, and in confining them to facts within their knowledge which would enable the jury to determine the extent of the plaintiff's injury. We think these rulings are sustained by the authorities. *Van Wagoner* v. *Cement Co.*, 36 Hun, 552; *People* v. *Eastwood*, 14 N. Y. 562; *Blake* v. *People*, 73 N. Y. 586; *Halluhan* v. *Railroad Co.*, 102 N. Y. 194, 6 N. E. Rep. 287; *Johnson* v. *Myers*, 103 N. Y. 663, 9 N. E. Rep. 52; *Duntzy* v. *Van Buren*, 5 Hun, 648; *Higbie* v. *Insurance Co.*, 53 N. Y. 603; *Adams* v. *People*, 63 N. Y. 621; *Maine* v. *People*, 9 Hun, 113; *Harris* v. *Railroad Co.*, 36 N. Y. Super. Ct. 373, 378; *Eggler* v. *People*, 3 Thomp. & C. 796. None of these exceptions were well taken. We find no other exceptions that require special consideration.

We think the evidence was sufficient to justify the submission of the case to the jury; that no error was committed on the trial which requires a reversal of the judgment appealed from; and that the judgment and order appealed from should be affirmed, with costs.