(43 App. Div. 117.)

## CAMPION v. ROLLWAGEN.

(Supreme Court, Appellate Division, First Department. July 18, 1899.)

1. APPEAL—"CASE"—EVIDENCE—VERDICT.
    On appeal, where the "case" does not purport to contain all the evidence, it must be assumed that there was sufficient evidence to support the verdict.

2. NEGLIGENCE—EVIDENCE—INDEPENDENT CONTRACTOR—COAL HOLE.
    In an action for damages sustained by plaintiff in falling into a coal hole in front of defendant's premises, evidence in behalf of the latter to show than at independent contractor was at the time of the accident engaged in putting coal into the building, through the hole, is competent to show the situation at the time of the injury, but not to relieve defendant of his duty to keep the hole protected, and in a safe condition.

3. SAME—INSTRUCTION.
    An instruction that, if the plaintiff was precipitated into the hole without fault or negligence on her part, the defendant was liable for the dam-

ages which she suffered, neutralizes any prejudice which may have resulted to plaintiff by reason of such evidence.

4. SAME—NUISANCE.

In an action to recover for injuries to plaintiff, caused by falling through a coal hole in defendant's sidewalk, where the allegations of the complaint and the proof offered thereunder are based on the theory of defendant's negligence, an instruction that a coal hole maintained in front of his premises would be a nuisance, and that plaintiff could recover for injuries sustained by reason of the maintenance of a nuisance, is properly refused.

Appeal from trial term, New York county.

Action by Margaret Campion against Louis P. Rollwagen. There was a verdict for defendant, and from an order denying a motion for a new trial plaintiff appealed. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.

George H. Corey, for appellant.

George F. Langbein, for respondent.

RUMSEY, J. The action is brought to recover damages sustained by the plaintiff, who stepped into a coal hole in front of a building owned by the defendant, and received serious injuries. The allegations of the complaint were, substantially, that the defendant was the owner of certain premises on the corner of Lexington avenue and Eighty-Fourth street, in the city of New York; that he had maintained in the cellar of the premises a place for the reception and storage of coal, and that said place was under or adjacent to the sidewalk on Lexington avenue; that the defendant had kept two certain openings or excavations in the sidewalk on Lexington avenue, which were used by him or his servants for the purpose of receiving coal on the premises; and that said openings were provided with covers, made of iron, which were used by the defendant in closing and covering the openings in the sidewalk. The plaintiff claims that on the 5th of February, 1897, in the forenoon, while she was walking upon the sidewalk on Lexington avenue in front of the defendant's premises, she stepped upon the cover of one of these openings, which she says had been "so insecurely, carelessly, and negligently fastened or placed over said opening that when this plaintiff stepped upon it as aforesaid it turned over, and this plaintiff was thereby violently thrown down, and partially into the said opening," by reason whereof she sustained serious injuries. The complaint further alleged "that the injuries aforesaid were occasioned solely by and as a result of the negligence and carelessness of the defendant, his agents, servants, and employés, and that said injuries occurred without any fault, omission, negligence, or wrongdoing whatsoever on the part of this plaintiff." The complaint contains no suggestion that the hole in the sidewalk was maintained by the defendant wrongfully, or unlawfully, or under such circumstances as to constitute a nuisance, but it proceeds solely upon the theory that the defendant was guilty of negligence in failing to keep the hole properly covered, and it seeks damages only for such negligence. The case was tried upon that theory, and it was submitted to the jury, without any objection on the part

of the plaintiff, upon the theory that the plaintiff could only recover in case it appeared that the defendant was guilty of negligence. Matthews v. De Groff, 13 App. Div. 356, 43 N. Y. Supp. 237; Dickinson v. Mayor, etc., 92 N. Y. 584. That being so, it is quite clear that the appeal is to be considered as though the action was one for negligence, and not upon the theory that the action was brought against the defendant for maintaining a nuisance on the sidewalk. To recover in such an action, the plaintiff was bound to show, not only that the defendant was guilty of negligence, but that she herself was free from it; and the jury were so instructed. They might very well have found, in view of the instructions given them by the court, that, although the defendant was guilty of negligence, the plaintiff herself was guilty of contributory negligence, and, if that be so, she could not recover. Those questions were submitted to the jury by the court. There was evidence to warrant their submission, and, as it does not appear that the case contains all the evidence given upon the trial, it must be assumed that, if all the evidence had been printed in the "case," there would have been sufficient to warrant the verdict which the jury found. The only questions that can be examined here, therefore, arise upon the exceptions taken upon the trial.

There are certain exceptions taken to the ruling of the court as to evidence offered by the plaintiff upon the question of damages, but these questions need not be considered. The jury found for the defendant, and, of course, that being the case, they never could have reached the question of damages, because they could not have found for the defendant, unless they came to the conclusion either that the defendant was not guilty of negligence, or the plaintiff was guilty of contributory negligence. The question of damages, therefore, did not come to be a factor in the consideration of the jury, and the rulings upon that point are of no importance. The defendant offered testimony tending to show that at the time when this accident occurred persons were engaged in putting coal into the building through this opening, upon a contract which he had made with them for that purpose. It was objected by the plaintiff that all such evidence was incompetent and immaterial, because the defendant could not free himself from his duty to protect the hole in the sidewalk by delegating that work to any other person. This was undoubtedly true, and the evidence was not competent for the purpose for which it was offered. But it was competent for the defendant to show the situation of affairs at the time the plaintiff stepped into the coal hole, and to that end he was entitled to give evidence to the effect that persons were engaged at that time in putting coal into the coal hole, by way of showing the condition of the hole and the surroundings, because those things bore upon the question of the contributory negligence of the plaintiff. The evidence, therefore, was competent for that purpose; and, although it went further than was strictly competent, it is clear that no injury was done to the plaintiff, because the jury were told by the court that, if the injury happened by the negligence of the owner, or any person employed by him, in leaving the sidewalk unguarded and unprotected, he was liable for the injury; and that the evidence which was given on behalf of the plaintiff to the effect that

the coal hole was covered by an iron disk, that the plaintiff, in pass-
ing, stepped upon the disk, and that she was precipitated into the
hole, was sufficient to show that the hole was not properly and suffi-
ciently guarded and protected; and that, if that was the fact, the
defendant was liable for the plaintiff's injury.     The court further
charged that, if the plaintiff was precipitated into the hole without
fault or negligence on her part, the defendant was liable for the dam-
ages which she suffered.     This charge thoroughly eliminated from
the case any suggestion that the act of an independent contractor
in leaving that hole open could have relieved the defendant from his
liability, and protected the plaintiff from any injury by reason of the
evidence that the contractors with the defendant were engaged in
putting coal into the hole at the time the injury occurred.

The court charged the jury that the plaintiff was bound, in making
out her case, to show that she acted as a reasonable and prudent
woman would in walking along the sidewalk, and that if the jury
found that by the use of ordinary care, as she was walking along the
sidewalk, she should have observed the condition of the sidewalk, or
the condition of the coal hole or the cover, or that it was dangerous
for her to do as she did, or if she observed them, and did not take the
care which a reasonably prudent woman would take, she was guilty
of contributory negligence in stepping or walking upon the coal-hole
cover.     To so much of the charge as told the jury that "plaintiff was
bound to take notice of what was before her on the street" the plain-
tiff excepted.     The court amended the charge by saying that the
plaintiff was bound to take such notice as a reasonable and prudent
woman would have done of what was before her on the street.     To
the charge thus amended there was no possible objection.

The plaintiff also excepted to that portion of the charge of the
court to the effect that there was no question of nuisance in the case,
and requested the court to charge that an opening in the sidewalk in
front of premises in the city of New York for the purpose of receiv-
ing coal was a nuisance, and that the owner of the premises was
chargeable with any injury occasioned by his wrongful act in main-
taining such a nuisance.     This the court refused, and, we think, prop-
erly.     The defendant was sued only for his negligence.     There had
been no suggestion in the case up to that time that the opening in
the sidewalk was improperly maintained, or that it was a nuisance.
This one had been there over 4½ years, and from that fact the jury
might have inferred that it was constructed lawfully.     Babbage v.
Powers, 130 N. Y. 281, 29 N. E. 132.     Such openings are common,
and permits are given for the making and maintenance of them; and
if it had been suggested in the complaint or upon the trial that the
opening was unauthorized, and therefore that it was a nuisance, it
is more than probable that the defendant would have been able to
produce his permit, and show that he was duly authorized to main-
tain these openings.     As he was not called upon to do so, either by
allegation or proof, the plaintiff was not entitled to proceed against
him for the maintenance of a nuisance, but could recover, if at all,
only upon the theory of her complaint that the defendant was negli-
gent in not properly protecting the coal hole.

For these reasons there was no error upon the trial, and the order must be affirmed.

VAN BRUNT, P. J., and BARRETT and INGRAHAM, JJ., concur. PATTERSON, J., concurs in result.