### SINGER v. McDERMOTT.

(City Court of New York. General Term. December 18, 1899.)

MASTER AND SERVANT—RELATION—NEGLIGENCE—INJURY TO THIRD PERSON.

    P., the owner of a horse and cart, for which he employed a driver, hired them for pay to any one desiring their use. Defendant hired them to haul coal, and while thus engaged the driver uncovered a coal hole on the street, leaving it exposed, for the purpose of dumping his load of coal into the cellar. Plaintiff, while exercising ordinary care in walking along the street, fell into the hole, and was injured. *Held*, the driver was the servant of defendant, though he was generally hired and paid by P., and hence defendant was liable for his negligent act.

Appeal from trial term.

Action by Maggie Singer against John McDermott to recover for injuries sustained by the negligence of defendant's servant. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and McCARTHY, J.

F. E. Smith, for appellant.
Gibbons & Kimball, for respondent.

PER CURIAM. One Pangbom was the owner of a cart and horse. He also employed the driver thereof. He hired them for pay to any person desiring their use. On the 13th day of March, 1897, he hired them for that day to the defendant to cart coal; the same to be taken from any place and delivered to any place designated by defendant. On the day in question the driver was ordered by defendant's representative to take coal from a canal boat at the foot of Canal street, and deliver it to 73 Houston street, which was done. While doing so he removed a coal-hole cover in front of the premises mentioned, and left the hole exposed and unprotected, for the purpose of dumping his load of coal into the cellar. While he was preparing to do so, the plaintiff, passing along the street, fell into the coal hole, and was injured. The plaintiff was not guilty of contributory negligence. She was using ordinary care while walking along, and that is all that she was required to do. Jennings v. Van Schaick, 108 N. Y. 530, 15 N. E. 424. The sole question presented upon this appeal is; whose servant was the driver at the time plaintiff was injured? In our judgment, the evidence shows that he was the servant of the defendant, who had the right upon the day in question to wholly and solely control and direct him what to do, and had to do it. Therefore, as we view the evidence, the relation of master and serv-

ant existed between defendant and said driver. The mere fact that the latter was generally employed and paid by Pangbom does not alter this relation. In this specific instance, as before stated, defendant had sole dominion and control over said driver, who was engaged in doing defendant's work in the manner and way which he desired. Therefore he was liable for the driver's negligent acts. Wyllie v. Palmer, 137 N. Y. 257, 258, 33 N. E. 381; Higgins v. Telegraph Co., 156 N. Y. 77, 50 N. E. 500; Jennings v. Van Schaick, 108 N. Y. 530, 15 N. E. 424.

The judgment is affirmed, with costs.