## ANDERSON v. CAULFIELD.

(Supreme Court, Appellate Division, Second Department. April 26, 1901.)

NEGLIGENCE—OPEN COAL HOLE—LANDLORD'S LIABILITY.

> There was a coal hole in the sidewalk in front of defendant's apartment house, and when a tenant wished to get in fuel he was obliged to obtain the key of the vault from defendant's agent and release the cover of the hole from its fastenings. A tenant who was putting wood in the hole failed to guard the same, and plaintiff fell into it and sustained injuries. *Held*, that defendant, having retained control of the hole, constructed by him under a municipal license which carried the duty of seeing that the hole was properly guarded, was liable for the negligence.

Appeal from trial term, Kings county.

Action by Lena Anderson against John Caulfield. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Henry A. Forster (John Oscar Ball, on the brief), for appellant.
Frederick E. Crane, for respondent.

HIRSCHBERG, J. The plaintiff was injured by falling into an open coal hole in the sidewalk in front of premises owned by the defendant in Brooklyn. The defendant claims that he was not liable for the negligence of those who were using the coal hole at the time of the accident, they being his tenants in the occupancy of a portion of the building. The building was a large flat or tenement house rented by the defendant to various families, but he retained the control and dominion over the coal hole. The key which unlocked the vault was kept in the possession of the defendant's agent, and, when a tenant wished to get in coal or wood, he was obliged to obtain the key from the defendant's agent, and to unlock the vault and release the cover of the coal hole from its fastenings. On the occasion in question one of the tenants had procured the key in order to bring wood into the house for his personal use, and the point presented is that the defendant is not liable for the negligence of this tenant or his servants in leaving the hole unguarded. It may be conceded that the liability is based solely on negligence, and not at all upon the theory of the maintenance of a nuisance. Negligence may be said to be, in a general way, the failure to discharge a duty. If the defendant had given up the possession and control of the entire property to tenants, it may very well be that he would be held absolved from all duty in the maintenance of a safe sidewalk for the use of public pedestrians. That is not the question presented for determination. Having retained the control of the sidewalk and the coal hole constructed by

him therein under a municipal license which carried with it the duty of seeing that the hole was properly guarded and protected, he could not exercise the privilege without discharging the duty. And that this duty could not be so delegated as to relieve him from liability for nonperformance is well settled by the authorities. Weber v. Railway Co., 20 App. Div. 292, 47 N. Y. Supp. 7; Downey v. Low, 22 App. Div. 460, 48 N. Y. Supp. 207; Campion v. Rollwagen, 43 App. Div. 117, 59 N. Y. Supp. 308; Hughes v. Association, 56 Hun, 396, 10 N. Y. Supp. 252; Jennings v. Van Schaick, 108 N. Y. 530, 15 N. E. 424. The damages are not deemed excessive, and the judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.