JOHNSTON v. PHŒNIX BRIDGE CO.

(Supreme Court, Appellate Division, Second Department. November 21, 1899.)

MASTER AND SERVANT—NEGLIGENCE OF INDEPENDENT CONTRACTOR.

Where the obstruction of a street was the direct and necessary incident of certain work, liability on the part of the employer for negligence in respect thereto cannot be avoided on the ground that the work was being performed by an independent contractor.

Goodrich, P. J., dissenting.

Appeal from trial term, Kings county.

Action by Kate Johnston against the Phœnix Bridge Company for personal injuries. From a judgment dismissing plaintiff's complaint, she appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Charles J. Patterson, for appellant.

Charles C. Nadal (Edward P. Mowton, on the brief), for respondent.

WOODWARD, J. The plaintiff in this action was injured while passing along the sidewalk on Bergen street, Brooklyn. The walk was incumbered with materials from an excavation made in behalf of the defendant by a contractor in its employ, or at least there was evidence from which the jury might properly have drawn these inferences. The defendant had entered into a written agreement with the Brooklyn & Brighton Beach Railroad Company to construct a certain section of elevated railroad, connecting the Brighton Beach road with the Kings County Elevated Railroad, on which it was necessary to cross Bergen street. In this contract the defendant undertook to become responsible for all damages to persons or property "occasioned by the omission, negligence, or carelessness of itself, its agents or employés, during the performance of the work." The defendant sublet a portion of the contract to Daniel J. Creem & Co., in which that firm agreed "to remove all the surplus excavation and other material used in the foundation work from the ground, and to take your place under the contract with

the Brighton Beach Company above mentioned, for furnishing these foundations." In carrying on this work Creem & Co. made an excavation in Bergen street, depositing the materials on the gutter side of the walk. The sidewalk thus obstructed was not provided with warning lights or guards on the night of the accident; and the plaintiff, being frightened. by some dogs which were running towards her, stepped backward upon the materials thus left upon the walk, falling and sustaining the injuries for which she now seeks to recover. The complaint was dismissed at the close of defendant's evidence upon the theory that the work having been performed by an independent contractor, and as "the contract did not contemplate a deposit of the material in the street," no negligence on the part of the defendant was shown.

Accepting the rule of law laid down in Water Co. v. Ware, 16 Wall. 566, we are of opinion that the learned trial court erred in dismissing the complaint. In the case cited the court lays down the rule that:

"Where the obstruction or defect caused or created in the street is purely collateral to the work contracted to be done, and is entirely the result of the wrongful acts of the contractor or his workmen, the rule is that the employer is not liable; but, where the obstruction or defect which occasioned the injury results directly from the acts which the contractor agreed and was authorized to do, the person who employs the contractor and authorizes him to do those acts is equally liable."

While it is possible, of course, that the subcontractor in the case at bar might have made the excavation, taking all of the dirt removed upon private ground, this was not contemplated by the contract, nor is it in accord with the usual method of doing this particular kind of work. The language of the contract is not that Creem & Co. will remove all the excavation and other materials from the ground adjacent to the excavation in the progress of the work, but is intended to say that on finishing the work they will "remove all the surplus excavation and other material used in the foundation work from the ground." This is no more than a promise to complete the work by clearing away all of the incumbrances after the work of placing the foundations had been completed, and it in no manner relieved the defendant from the obligation which it owed to the public of guarding the excavation as well as the materials which had been thrown out upon the street as an incident to the work. The obstruction which resulted in the accident was not "purely collateral to the work," as in the case of blasting rocks in the process of excavating, but was a direct and necessary incident of the undertaking; and, in the absence of plain and unmistakable language, the subcontractor cannot be held to have contemplated removing the earth to private grounds, a portion of it to be returned in filling up the excavation after the foundations were laid. In Woodman v. Railroad Co., 149 Mass. 335, 21 N. E. 482, cited with approval by this court in Downey v. Low, 22 App. Div. 460, 48 N. Y. Supp. 207, the court held that:

"If the performance of a lawful contract necessarily will bring wrongful consequences to pass, unless guarded against, and if, as in the present case, the contract cannot be performed except under the right of the employer,

who retains the right of access to the premises, the law may require the employer, at his peril, to see that due care is used to prevent harm, whatever the nature of his contract with those whom he employs. * * * Laying the track for the defendant necessitated the digging up of the highway, and the obstruction of it with earth and materials. This obstruction would be a nuisance, unless properly guarded against. The work was done under a permit issued to the defendant. * * * We are of opinion that the defendant, having caused the highway to be obstructed, was bound, at its peril, to see that a nuisance was not created."

In the case at bar there is no evidence that either the defendant or the subcontractor had any permission to make the excavation in the street; but, assuming that they were lawfully employed in the work, we are forced to conclude that the defendant cannot be relieved of responsibility in the premises, and that the case should have been submitted to the jury.

The judgment appealed from should be reversed, with costs. All concur, except GOODRICH, P. J., dissenting.

GOODRICH, P. J. (dissenting). I do not agree with the result reached by my associates, and for the reasons stated below.

Counsel for the appellant contends that the accident was occasioned by the absence of lights, and the fact that, while at first the material was in trim and compact piles near the gutter, these piles, being left for several days, had become disarranged, and extended further onto the sidewalk, and that such facts constituted negligence for which the defendant was liable. He does not attempt to controvert the general doctrine that, where a person has employed an independent contractor to do lawful work, such employer is not liable for the negligence of the contractor, but contends that:

"Where one contracts for an unlawful excavation to be made in the highway, he is responsible for the natural and probable consequences of the act, performed in the usual and ordinary method applicable to such work."

In my view of the law applicable to this action, it is not necessary to discuss the proposition of the learned counsel. It is true that there was no evidence of any permit from the public authorities to make the excavation, but I cannot assume that it was the intention of the contract that Creem & Co. should do the work in an unlawful manner, and without permission of the authorities. If the plaintiff's injuries had resulted from falling into the excavation, a different case would have arisen, and it might have been incumbent upon the defendant to prove that there was a permit from the public authorities to open the highway. But the excavation was not the proximate cause of the accident which resulted from the material left on the street. It was not necessary to the work of excavation and laying foundations that material should be left upon the street. It might have been deposited on private property elsewhere. The trial court held that "the contract did not contemplate a deposit of the material in the street"; and this, to my mind, was a correct interpretation of the contract. Without multiplying citations, I think the true rule in cases of this character is stated by the United States supreme court in Water Co.

v. Ware, 16 Wall. 566, cited in the prevailing opinion, where it was said (pages 576, 577):

"Where the obstruction or defect caused or created in the street is purely collateral to the work contracted to be done, and is entirely the result of the wrongful acts of the contractor or his workman, the rule is that the employer is not liable; but, where the obstruction or defect which occasioned the injury results directly from the acts which the contractor agreed and was authorized to do, the person who employs the contractor and authorizes him to do those acts is equally liable to the injured party. Robbins v. City of Chicago, 4 Wall. 679. Exactly the same view was advanced by this court when that case was brought here by the first writ of error, in which the court said that, if the nuisance necessarily occurs in the ordinary mode of doing the work, the occupant or owner is liable, but, if it is from the negligence of the contractor or his servants, then he should alone be responsible. City of Chicago v. Robbins, 2 Black, 428. Common justice requires the enforcement of that rule, as, if the contractor. does the thing which he is employed to do, the employer is as responsible for the thing as if he had done it himself; but if the act which is the subject of the complaint is purely collateral to the matter contracted to be done, and arises indirectly in the course of the performance of the work, the employer is not liable, because he never authorized the work to be done. Hole v. Railway Co., 6 Hurl. & N. 497."

It seems to me that the method of doing the work, the piling of the excavated earth on the sidewalk, the shoring up of it, the keeping of it in its place, and the guarding of it by lights or otherwise,—all these things,—were "purely collateral to the matter contracted to be done."

The same doctrine was enunciated by the court of appeals in Herrington v. Village of Lansingburgh, 110 N. Y. 145, 17 N. E. 728. The village had entered into a contract for the construction of a sewer in one of its streets, the contract providing that the contractor should be responsible for all damages arising from blasting done in the course of the work. The plaintiff's horses were frightened by the noise of a blast, and in trying to control them he was injured. The court held that, if there was culpable carelessness, it was that of the contractors; that (pages 148, 149, 110 N. Y., and page 728, 17 N. E.):

"They had entire control of the work, and the manner of its performance. They could choose their own time for firing the blasts, and select their own agents and instrumentalities. They could make the charges of powder large or small, and they could, in some degree, smother the blasts so as to prevent falling rocks, and much of the noise of the explosion, or they could carelessly omit all precautions; and for the consequences of their negligence they alone would be responsible. If it was a prudent thing to notify persons in the vicinity of the blast before it was fired, then the contractors should have given the notice, but the duty to give it did not devolve upon the village. And for these conclusions the cases of Pack v. Mayor, etc., 8 N. Y. 222, Kelly v. Mayor, etc., 11 N. Y. 432, and McCafferty v. Railroad Co., 61 N. Y. 178, are ample authority."

It might be added that the same doctrine was announced in the oft-cited case, Blake v. Ferris, 5 N. Y. 48.

I am unable to see any distinction between the doctrine announced in these cases and that which governs the case at bar, and think the judgment should be affirmed.