LENA ANDERSON, Respondent, v. JOHN CAULFIELD, Appellant.

*Negligence — injury from falling into a coal hole, the use of which is controlled by the landlord, left open by a tenant — liability of the landlord.*

Where the owner of a tenement house, rented to various families, retains control over the coal hole constructed by him in the sidewalk under a municipal license, and a tenant who wishes to get in coal or wood is obliged to obtain a key from the agent of the owner in order to unlock the vault under the sidewalk and release the cover of the coal hole from its fastenings, the owner is liable to a person who sustains injuries by falling into the coal hole which has been left open and unguarded by a tenant while getting in coal.

APPEAL by the defendant, John Caulfield, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 24th day of October, 1900, upon the verdict of a jury for $1,500, and also from orders entered in said clerk's office on the 22d and 25th days of October, 1900, denying the defendant's motions for a new trial made upon the minutes.

*Henry A. Forster* [*John Oscar Ball* with him on the brief], for the appellant.

*Frederick E. Crane,* for the respondent.

HIRSCHBERG, J.:

The plaintiff was injured by falling into an open coal hole in the sidewalk, in front of premises owned by the defendant in Brooklyn. The defendant claims that he was not liable for the negligence of those who were using the coal hole at the time of the accident, they being his tenants in the occupancy of a portion of the building.

The building was a large flat or tenement house rented by the defendant to various families, but he retained the control and dominion over the coal hole. The key which unlocked the vault was kept in the possession of the defendant's agent, and when a tenant wished to get in coal or wood, he was obliged to obtain the key from the defendant's agent and to unlock the vault and release the cover of the coal hole from its fastenings. On the occasion in question one of the tenants had procured the key in order to bring wood into the house for his personal use, and the point presented is that the defendant is not liable for the negligence of this tenant or his servants in leaving the hole unguarded.

It may be conceded that the liability is based solely on negligence and not at all upon the theory of the maintenance of a nuisance. Negligence may be said to be in a general way the failure to discharge a duty. If the defendant had given up the possession and control of the entire property to tenants, it may very well be that he would be held absolved from all duty in the maintenance of a safe sidewalk for the use of public pedestrians. That is not the question presented for determination. Having retained the control of the sidewalk and the coal hole constructed by him therein under a municipal license which carried with it the duty of seeing that the hole was properly guarded and protected, he could not exercise the privilege without discharging the duty. And that this duty could not be so delegated as to relieve him from liability for non-performance is well settled by the authorities. ( *Weber* v. *Buffalo Railway Co.*, 20 App. Div. 292; *Downey* v. *Low*, 22 id. 460; *Campion* v. *Rollwagen*, 43 id. 117; *Hughes* v. *Orange County Milk Assn.*, 56 Hun, 396; *Jennings* v. *Van Schaick*, 108 N. Y. 530.)

The damages are not deemed excessive, and the judgment and order should be affirmed.

Judgment and order unanimously affirmed, with costs