## HART v. McKENNA.

(Supreme Court, Appellate Division, Second Department. June 9, 1905.)

1. SIDEWALKS—COAL HOLES—PERMISSION TO MAINTAIN—PRESUMPTIONS.

Where a coal hole in the sidewalk appurtenant to defendant's property had been permitted to exist for more than 20 years, it would be presumed that it was so constructed and maintained by permission of the proper authorities.

[Ed. Note.— For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1691.]

2. SAME—SIDEWALKS—DEFECTS—INJURIES—UNCOVERED COAL HOLE—OWNER OF ABUTTING PROPERTY—LIABILITY—SURRENDER OF POSSESSION—INDEPENDENT CONTRACTOR.

Where an owner of adjoining property maintained a covered coal hole in the sidewalk appurtenant to her property, the fact that she temporarily surrendered possession to an independent contractor for the sole purpose of permitting him to make certain alterations in the building, and that

he used the coal hole to put down materials, and negligently left the same unfastened, did not relieve the owner from liability for injuries to a person passing over such hole without contributory negligence, though the owner had no notice that the contractor was using the hole, or of its unsafe and defective condition resulting therefrom.

3. SAME—QUESTION FOR JURY.

Whether defendant exercised reasonable care in guarding the hole during the time the contractor was in possession of the property was for the jury.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1749.]

Appeal from Trial Term, Kings County.

Action by Peter E. Hart against Mary A. McKenna. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, and RICH, JJ.

William J. Martin, for appellant.

James A. Delehanty, for respondent.

RICH, J. The evidence is uncontradicted, and the appeal presents for our consideration questions of law only. James McKenna in his lifetime was the owner of the premises No. 59 Skillman street, in the borough of Brooklyn. In the sidewalk in front of the house erected on the premises was a coal hole or chute, covered by an iron cap from 18 to 20 inches in diameter, fastened from the inside with a chain and rope; the chain being a permanent attachment fastened to the cover. McKenna died in 1884, the owner of said property, leaving a last will and testament, thereafter duly admitted to probate, in and by which he devised to the defendant, his widow, all of his estate, both real and personal, to collect the rents, issues, and profits thereof during her natural life, and apply the same to the support of herself and the children of the testator, and upon her death all of the estate to his children, share and share alike. After the death of her husband the defendant and her children occupied the premises in question as a residence down to November, 1904, when she entered into a contract with one Olsen for the repairing and remodeling of the building, and moved out. Before moving, however, she ascertained by personal inspection that the coal-hole cover was properly fastened from the inside. Her attention was not directed to the cover while the repairs were being made, and she had no knowledge that it had been opened or used by Olsen. She passed by the premises several times while the work was in progress, but had no recollection of seeing the coal hole open or in use on such occasions. The contractor furnished all materials and labor required, and defendant had nothing to do with the work from the time she vacated the building until it was completed. She did not advise or direct the work in any way. Work under the contract was commenced in December, 1904, and finished in the early part of June, 1905. The contractor used the coal hole during the progress of the work to put materials through into the cellar for use on the building, and

maintained a pile of materials on portions of the sidewalk. At about 6 o'clock on the evening of April 12, 1905, the evidence tends to show that the cover of the coal hole was unfastened and out of place, leaving the hole partly uncovered. At half past 11 on the same night, plaintiff left his home to go to his work. As he passed over the walk in front of defendant's premises his foot came in contact with the cover of the coal hole, which came off, and his foot and leg went into the hole, and he received the injury complained of, for which this action was brought. An immediate examination of the place revealed the fact that the cover was loose and unfastened. There was no chain attached to it. One end of a rope 18 to 20 inches long was attached, which was old, decayed, and frayed on the ends. This action is based upon the alleged negligence of defendant; the complaint alleging that the injury was sustained "by reason of a cover upon said coal hole being left carelessly and negligently unfastened or secured by the defendant or her servants," and, again, "that said injuries arose * * * wholly through the carelessness and negligence of the defendant or her servants in leaving or permitting the cover of the coal hole in said public sidewalk to be unfastened and unguarded," etc. At the close of the evidence defendant's counsel moved to dismiss the complaint upon the single ground "that this work that was done there was done under and through an independent contractor, who had the sole control, possession, and occupation of these premises at the time of the alleged accident, and that the defendant had no control over the same, and owed no duty in reference to the same." The court granted the motion, and the plaintiff duly excepted.

The correctness of this ruling is the main question presented for consideration, and the proposition it involves may be stated in the form of a question, as follows: Is the owner of real property, in the sidewalk in front of which a coal hole has been constructed and maintained for more than 20 years for her private use and convenience, in no manner connected with the public use of the street or sidewalk, who has the building on such property repaired and remodeled by a contractor, who furnishes all materials and labor required—the owner vacating the building for the sole purpose of enabling such repairs to be made, leaving the coal hole in a safe and proper condition—and thereafter and during the progress of the work makes no personal use of the coal hole, and has no knowledge of its user by the contractor, and makes no inspection or examination of it or its cover, and no effort to ascertain its actual condition, free from liability, as matter of law, for the negligent acts of the contractor in the user of such coal hole for getting materials from the street into the basement of the building for use in making the repairs contracted for, whose neglect to properly fasten the cover of such coal hole after such user renders the sidewalk defective and dangerous, and results in an injury to a person lawfully passing over it with due care, and free from contributory negligence, in the absence of knowledge or notice to the owner of such user, and of its unsafe and defective condition resulting therefrom?

I cannot answer this question in the affirmative. We must assume that the coal hole, having existed for more than 20 years, was constructed and maintained in the sidewalk by lawful authority; that is, by permission of the proper authorities. Trustees of Canandaigua v. Foster, 156 N. Y. 354, 358, 50 N. E. 971, 41 L. R. A. 554, 66 Am. St. Rep. 575. It was an obstruction interfering with the user of the sidewalk by the public, and with the rights of the public (Clifford v. Dam, 81 N. Y. 52), and liable at any time, through negligence in properly securing and fastening the cover, to cause injury to persons lawfully using and passing over the sidewalk. The contractor did not create the obstruction. It existed on the property when he commenced work under his contract, and was an instrumentality made use of by him to get his materials from the street into the building to be repaired. His use of it was connected with making the repairs and doing the work contracted for by defendant. His negligence was in the maintenance and restoration of the coal hole after use, and not its construction, and consisted of a failure to guard and protect the rights of the public by omitting to fasten or secure the cover so that it would not, on contact with the foot of a pedestrian, fly off and result in injuries similar to those sustained by the plaintiff. This duty rested upon the defendant, who had acquired a special privilege, acceptance and enjoyment of which had charged her with the special duty to the public of maintaining the coal hole at all times in a safe condition and properly guarded. She could not avail herself of this privilege without discharging the duty. The two were at all times coexistent, and she could not absolve herself from the liability thus created by delegating the performance of the duty to another. Downey v. Low, 22 App. Div. 460, 48 N. Y. Supp. 207. This doctrine was reasserted and followed in Mullins v. Siegel-Cooper Co., 95 App. Div. 234, 88 N. Y. Supp. 737. There is no evidence that the defendant gave her contractor any possession of the coal hole or sidewalk. If, as claimed by counsel, the contractor was in such possession by her act, it necessarily follows that she gave him such possession for the purpose of using the coal hole in the manner he did, for he needed possession and could use it for no other purpose. It cannot be said that this user was not within the fair contemplation of the parties in making the contract. Johnston v. Phœnix Bridge Co., 44 App. Div. 581, 60 N. Y. Supp. 947. In Weber v. Buffalo Railroad Co., 20 App. Div. 292, 300, 47 N. Y. Supp. 7, the law applicable to a similar case is declared by the Appellate Division of the Fourth Department to be:

"A duty was imposed by law upon the defendant towards the plaintiff, as one of the public, not to interfere with the right which the plaintiff possessed of using a public highway in such a manner as to impede or injure him when passing along it. The defendant is liable for the breach of the duty thus imposed upon it, although the act or default which caused the injury may have been the act or default of the defendant's contractor, and not of defendant itself. The negligent act or omission, if established, constituted an unlawful invasion of the plaintiff's right of transit over the public highway. It appears clear enough to us that, under the circumstances of this case, a duty was imposed upon the defendant, which it could not evade

by employing a contractor to do the work. 'It could not get rid of the responsibility thus cast upon it by transferring that duty to another. It was not competent to get rid of such a duty by imposing it upon an independent contractor."

See, also, Anderson v. Caulfield, 60 App. Div. 560, 69 N. Y. Supp. 1027; Schiverea v. Brooklyn Heights R. Co., 89 App. Div. 340, 85 N. Y. Supp. 902; Trustees of Canandaigua v. Foster, 156 N. Y., at page 361, 50 N. E. 972, 41 L. R. A. 554, 66 Am. St. Rep. 575.

The defendant was in such possession of the premises during the time they were being repaired as to render her liable, as the owner, for the negligence of the contractor in the use of the coal hole. She is not shown to have parted with any possession of the premises by her contract with Olsen, or in any other manner, except such as impliedly results from the contractor's necessary right to enter upon the premises to make the repairs and alterations provided for by the contract. This implied right does not extend to either the coal hole or the sidewalk, for no necessity existed for the use of either. The lot upon which the building stood, outside of that covered by the building, was clearly in her possession, and the right acquired by the contractor to enter and possess, so far as necessary, the building, for the purpose of making the repairs, does not divest the owner of possession (where, as in this case, she vacates the building on the premises temporarily, and for the sole purpose of enabling him to do the work) to such an extent as to relieve her of liability upon the ground that she was not in possession. The possession of the contractor under such circumstances is not equivalent to the possession acquired when property is alienated or leased, and occupied by the grantee or lessee, nor is it such as relieved the defendant owner from the duty and obligation, which attaches to and goes with the land, of inspection and repair of the coal hole and cover while the work was in progress, which the law imposed on her for the public safety. The duty resting upon an owner of real property under such circumstances is exhaustively discussed in Trustees of Canandaigua v. Foster, supra, which is an authority for holding that the defendant was not relieved of the duty of using reasonable diligence to keep the coal hole and its cover in a suitable and safe condition for the public to walk over, as part of the sidewalk, while the repairs and alterations on her building were being made by her contractor, Olsen, and the question of whether she did or did not exercise such diligence as the law required under the circumstances was a question for the jury.

The judgment appealed from must therefore be reversed, and a new trial granted; costs to abide the result. All concur.