SCHLEGEL v. ROMAN CATHOLIC CHURCH OF THE MOST HOLY TRINITY, IN MONTROSE AVE., BROOKLYN.

(Supreme Court, Appellate Division, Second Department. February 28, 1908.)

DISMISSAL—VOLUNTARY DISMISSAL—CONDITIONS.

An action to declare invalid certain devises on the ground that defendant, a church, received more than one-half the decedent's estate, may be dismissed by plaintiff ex parte upon payment of usual taxable costs, notwithstanding Code Civ. Proc. § 3253, providing that in a difficult or extraordinary case, where a defense has been interposed, the court may in its discretion award to any party a further sum, etc., since no interest of defendant is changed by the bringing of the action or by its withdrawal, and the court has no legal discretion to exercise.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Dismissal and Nonsuit, §§ 68, 72.]

Appeal from Special Term.

Action by Joseph Schlegel against the Roman Catholic Church of the Most Holy Trinity, in Montrose Avenue, Brooklyn. From an order permitting plaintiff to discontinue the action only upon payment of an allowance in addition to taxable costs, plaintiff appeals. Modified and affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

James E. Finegan, for appellant.
John F. Carew, for respondent.

WOODWARD, J.   The plaintiff brought an action the purpose of which was to declare invalid certain devises to the defendant in the last will and testament of the late Adam Schlegel; it being alleged that the defendant received more than one-half of the estate of deceased, in violation of the provisions of chapter 360, p. 594, of the Laws of 1863.   The pleadings are not set forth in the record before us; but the action was apparently an ordinary action under the statute, involving no difficult questions of law.   The defendant put in an answer, making a general denial of the cause of action set up by the plaintiff.   Neither party noticed the case for trial.   With the case in this situation the plaintiff moved, on notice, to discontinue the action.   This motion was opposed by defendant's counsel, who made an affidavit in substance as follows:

"John F. Carew, being duly sworn, says:   I am one of the defendant's attorneys.   I spent four days' time and $25 in disbursements, car fares, fees, etc., in investigating this complaint.   The interest demanded in the complaint, I believe from such investigation, would amount to at least $3,000.   I ask that, if the plaintiff be allowed to discontinue, it be on condition that he pay an allowance of $150."

The learned court at Special Term granted the motion to discontinue upon the payment of costs, with an additional allowance of $75, and the plaintiff appeals from so much of the order as grants the additional allowance and denies the motion in default of payment of such sum.

The order appealed from should be modified, by permitting the plaintiff to discontinue upon the payment of the taxable costs, without the extra allowance.   "Ordinarily," say the court in Matter of Petition of Butler, 101 N. Y. 307, 309, 4 N. E. 518, "a suitor has a right to discontinue any action or proceeding commenced by him, and his reasons for so doing are of no concern to the court.   A party should no more be compelled to continue a litigation than to commence one, except where substantial rights of other parties have accrued, and injustice will be done to them by permitting the discontinuance.   In such a case, through the control which the court exercises over the entry of its order, there is discretion to refuse; but where there are no such facts, and nothing appears to show a violation of the right or interest of the adverse party, the plaintiff may discontinue, and a refusal of leave becomes merely arbitrary, and without any basis upon which discretion can exist."   All that appeared here was that the plaintiff had commenced an action by the service of a summons and complaint, that the defendant had put in a general denial, and that the plaintiff had moved to discontinue.   There was no interest of the defendant changed by the bringing of the action, or by its withdrawal.   It had taken under a will.   Its right to take the property was secure, unless it was contested; and the plaintiff elected to withdraw his contest.   He had a perfect right to do this ex parte, upon the payment of the taxable costs.   The court had no lawful discretion to exercise in the matter,

and it could not, therefore, impose terms. Where the motion is addressed to the favor of the court, where there are equitable reasons why the plaintiff should not be permitted to withdraw, the court may, undoubtedly, impose any conditions it may deem proper (Matter, etc., Waverly Waterworks Co., 85 N. Y. 479, 482); but, where there is no discretion to be exercised, the court has no authority to name other conditions than the payment of the taxable costs up to the time of the discontinuance.

It is true that it was held in Kilmer v. Evening Herald Co., 70 App. Div. 291, 75 N. Y. Supp. 243, that an additional allowance, in a difficult and extraordinary case, might be imposed where there was no trial; but in that case the action was on the calendar for the trial term when the motion was made, and the court imposed the condition that the plaintiff should pay an additional allowance of $225. It appeared that the questions presented in the case were difficult, and called for more investigation than ordinary in preparation for trial, and that expert counsel had been retained by both parties to assist the attorneys of record. This might give some equitable rights to the defendant which would justify the allowance. If it depended upon the rule laid down in section 3253 of the Code of Civil Procedure, so far as the court has pointed out, there was no ground for the allowance under the recent rulings of the Court of Appeals in Standard Trust Company v. N. Y. C. & H. R. R. R. Co., 178 N. Y. 407, 70 N. E. 925, and Campbell v. Emslie, 188 N. Y. 509, 81 N. E. 458. Whatever the facts may have been in that case, and however well justified the allowance may have been, there are no facts appearing in the record in this case to justify imposing a condition, other than the payment of the taxable costs; and the order should be modified, as above suggested, and, as so modified, affirmed.

Order modified, in accordance with opinion of WOODWARD, J., and, as so modified, affirmed, with $10 costs and disbursements to appellant. All concur.