CREEM et al. v. FIDELITY & CASUALTY CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 7, 1909.)

1. INSURANCE (§ 622*)—ACTION ON POLICY—LIMITATIONS OF POLICY.
   Under Code Civ. Proc. § 414, a contractor's liability policy may prescribe a shorter limitation for an action thereon than that provided by statute.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1545; Dec. Dig. § 622.*]

2. INSURANCE (§ 622*)—ACTION ON POLICY—LIMITATIONS OF POLICY.
   A contractor's liability policy provided that no action should be brought thereon after the expiration of the period within which an action for damages on account of the injuries might be brought by the claimant against the insured, unless at the expiration of such period there should be a suit pending, arising out of the accident against the insured, in which case an action might be brought within 30 days after final judgment therein. An action brought against insured, who had contracted to build a bridge, for injuries to a pedestrian, incidental to the construction of the bridge, was discontinued with the consent of the attorneys for the insurer, who undertook to defend the action, and an action on the policy was brought by the insured more than 30 days thereafter, and after limitations had run against the injured person. *Held*, that the action on the policy was barred, as the plaintiff in the injury action had an absolute right to discontinue on payment of costs.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1546–1550; Dec. Dig. § 622.*]

3. INSURANCE (§ 622*)—ACTION ON POLICY—LIMITATIONS OF POLICY.
   The fact that an action brought by the injured person against the bridge company was pending at the expiration of three years did not affect the limitation.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1546–1550; Dec. Dig. § 622.*]

4. INSURANCE (§ 622*)—ACTION ON POLICY—LIMITATIONS OF POLICY.
   The fact that the action brought on the policy was commenced within 30 days from entry of judgment against insured in an action by the bridge company, against which a judgment had been rendered for the

injuries, did not relieve insured from the bar of the policy, as the action against insured by the bridge company was not one arising out of accident.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1546–1550; Dec. Dig. § 622.*]

5. INSURANCE (§ 645*)—ACTION ON POLICY—ISSUES AND PROOF.

Defendant issued to plaintiff contractor for the erection of a bridge, a liability policy, and also insured the bridge company, and when a pedestrian who was injured, incidental to the construction of the bridge, brought an action against the bridge company, insurer's attorneys assumed the defense and notified plaintiff that it would be liable to the bridge company in case of a recovery. In an action on the policy by plaintiff, the complaint alleged that in response to such notice, and at insurer's request, and upon its promise that every opportunity would be afforded plaintiff to protect his interest, plaintiff assisted in the defense of such action. *Held*, that such allegation was not sufficient to admit proof of waiver or estoppel precluding insurer from defending on the ground that the action was barred under limitations prescribed by the policy.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 645.*]

6. APPEAL AND ERROR (§ 837*)—REVIEW—MATTERS CONSIDERED.

A judgment cannot be sustained on appeal by considering testimony stricken out by the trial court which was not passed on by the jury.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 837.*]

7. INSURANCE (§ 668*)—LIABILITY POLICY—ACTION—QUESTION FOR JURY.

Where plaintiff, who undertook to build the foundations for the pillars of an elevated railroad, stated in his application for a liability policy that his business was "general contractor, sewer construction," and the work was quite similar to sewer construction, and in an action brought against plaintiff for injuries the insurers assumed the defense, it could not be said on an action on the policy that there was a breach of warranty as a matter of law.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1735–1741; Dec. Dig. § 668.*]

8. INSURANCE (§ 665*)—ACTION—EVIDENCE—SUFFICIENCY.

In an action on a liability policy, evidence *held* insufficient to show that the broker through whom the policy was secured was an agent of insurer.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 665.*]

9. INSURANCE (§ 513*)—LIABILITY POLICY—EXTENT OF LIABILITY.

Where insured in a liability policy indemnifying him against damages recovered for injuries owing to his negligence successfully defended an injury action, he could not recover expenses of litigation from insurer.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 513.*]

Laughlin, J., dissenting in part.

Appeal from Trial Term, New York County.

Action by Daniel J. Creem and another against the Fidelity & Casualty Company of New York. From a judgment in favor of plaintiffs, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, McLAUGHLIN, and CLARKE, JJ.

Charles C. Nadal, for appellant.

Herbert C. Smyth, for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

McLAUGHLIN, J. The plaintiffs, who are copartners in the contracting business under the firm name of Daniel J. Creem & Co., undertook to build the foundations for the pillars of an elevated railroad which the Phœnix Bridge Company was under contract to construct for the Brighton Beach Railroad Company. This action was brought on a policy of liability insurance by which defendant indemnified them for the term of one year commencing April 1, 1896, against damages recovered for personal injuries sustained by their employés or by the public generally through the negligence of their employés. On the 6th of June, 1896, one Kate Johnston, while passing along a public street, sustained personal injuries alleged to have been caused by an obstruction placed and suffered to remain therein by the bridge company in connection with the work which they had contracted to do. Some time thereafter she and her husband each brought an action in the Supreme Court against the bridge company and others to recover damages resulting from the injury. The action brought by Kate Johnston was tried on the 6th and 7th of April, 1899, and the complaint dismissed, apparently upon the ground that the plaintiffs in this action were responsible for the obstruction in the street, and, they being independent contractors, the bridge company was not liable for their negligence. An appeal was taken from the judgment; and the Johnstons also commenced actions against these plaintiffs to recover damages for the same injury. On the appeal the judgment dismissing the complaint against the bridge company was reversed, and a new trial ordered. 44 App. Div. 581, 60 N. Y. Supp. 947. From this order the bridge company appealed to the Court of Appeals, giving a stipulation for judgment absolute, and the order was affirmed and judgment ordered for the plaintiff. 169 N. Y. 581, 62 N. E. 1096. The damages were thereafter assessed at $6,500 and judgment for some $7,300 entered against the bridge company. The action brought by Bernard Johnston against the bridge company was tried in May, 1902, and he obtained a verdict for $4,000. Both of these judgments were paid, and thereafter, on July 1, 1902, the actions which the Johnstons had brought against these plaintiffs were, by consent, discontinued. After the bridge company had paid the two judgments referred to, and on June 3, 1902, it commenced two actions against Creem & Co. to recover the amount of the same. Action No. 1, which was predicated on the Kate Johnston judgment, resulted in a verdict in favor of Creem & Co., on which judgment was entered January 6, 1904. On appeal this judgment was affirmed. Phœnix Bridge Co. v. Creem, 104 App. Div. 618, 93 N. Y. Supp. 1145. When action No. 2, which was predicated on the Bernard Johnston judgment, was tried, proof was given that the bridge company had notified Creem & Co. of the pendency of the action brought against it by Bernard Johnston, and the court thereupon excluded testimony tending to show that Creem & Co. had not been guilty of negligence, and at the conclusion of the trial directed a verdict for the bridge company, upon which judgment was entered against Creem & Co. for $5,636.32. This judgment was subsequently affirmed by the Appellate Division (102 App. Div. 354, 92 N. Y. Supp. 855), and in June, 1906, by the Court of Appeals (185 N. Y. 580, 78 N. E. 1110). After the judgment had been affirmed

by the Court of Appeals, and on the 3d of July, 1906, the present action was commenced, by which the plaintiffs seek to recover the expenses incurred by them in defending action No. 1 and the amount paid in satisfaction of the judgment obtained in action No. 2.

At the trial the principal defenses relied upon were: (1) That the action was not commenced within the time required by the policy, and for that reason a recovery could not be had; and (2) that the policy was void because the plaintiffs had been guilty of a breach of warranty by stating in their application, which was annexed to and made a part of the policy, that their business was that of "General Contractor, sewer construction," whereas they were actually engaged in building foundations for an elevated railroad. At the conclusion of plaintiffs' case the defendant moved for a nonsuit, which was denied and an exception taken, whereupon defendant rested without offering any evidence, and asked that a verdict be directed in its favor. The plaintiffs also asked for the direction of a verdict. The court directed a verdict for the plaintiffs for $5,000, the maximum liability, under the policy of insurance referred to, of the defendant for injuries to any one person; $898.33, expenses incurred in action No. 2; and $506.68, expenses incurred in successfully defending action No. 1, together with interest—amounting in all to $7,045.51. From the judgment entered thereon, and from an order denying a motion for a new trial, the defendant appeals.

It urges that the judgment appealed from cannot be sustained for the reason that the action was not commenced within the time provided in the policy. The parties had a right to prescribe a shorter limitation for the commencement of an action under the policy than that provided by statute. Such right is recognized in section 414 of the Code of Civil Procedure, which provides that the general provisions of chapter 4, tit. 3, shall not apply to "a case, where a different limitation is specially prescribed  *  *  *  by the written contract of the parties." Id. subd. 1. The policy in question provided that:

"No action shall lie against the company after the expiration of the period within which an action for damages on account of the given injuries  *  *  * might be brought by such claimant  *  *  * against the assured, unless, at the expiration of said period there is a suit arising out of such accident pending against the assured, in which case an action may be brought in respect to the claim involved in such action against the company by the assured within thirty days after final judgment is rendered in such suit and not later."

Mrs. Johnston was injured on the 6th of June, 1896, and an action to recover damages therefor, or for loss of her services, had to be brought within three years thereafter. Code Civ. Proc. § 383, subd. 5; Maxson v. D., L. & W. R. R. Co., 112 N. Y. 559, 20 N. E. 544. Three years thereafter—June 6, 1899—the two actions which the Johnstons had brought against the plaintiffs were pending, but as already stated, after the Johnstons had recovered their judgments against the bridge company these actions were, by consent, discontinued. The orders of discontinuance, while not, in effect, final judgments, terminated the actions, and it necessarily follows that the present action, which was not begun until July 3, 1906—more than four years

later—is barred by the terms of the policy so far as these actions are concerned. But it is urged that the discontinuance of such actions cannot be resorted to for the purpose of defeating a recovery here, since the defendant through its attorneys undertook their defense and consented to the discontinuance without Creem & Co.'s knowledge or consent. This was neither alleged in the complaint nor proved at the trial, and if it had been it would not have aided the plaintiffs. The plaintiffs in these actions had an absolute right, upon payment of costs to discontinue (Janssen v. Whitlock, 58 App. Div. 367, 68 N. Y. Supp. 1086; Walsh v. Walsh, 33 App. Div. 579, 53 N. Y. Supp. 881), and the court was without power to prevent it (Matter of Butler, 101 N. Y. 307, 4 N. E. 518; Schlegel v. Roman Catholic Church of Most Holy Trinity, 124 App. Div. 502, 108 N. Y. Supp. 955; Telephonine Co. v. Douthitt, 115 App. Div. 362, 100 N. Y. Supp. 781). Those actions were at law. Defendants had not asked for any affirmative relief, and the plaintiffs could no more be compelled to continue the litigation than they could have been to commence it. The actions which the Johnstons brought against the bridge company were, as we have already seen, pending at the expiration of three years— June 6, 1899—but this court held in Tolmie v. Fidelity & Casualty Co., 95 App. Div. 352, 88 N. Y. Supp. 717, affirmed 183 N. Y. 581, 76 N. E. 1110, that an action upon a policy which contained a provision similar to the one here under consideration was barred in three years unless a suit was pending against the assured. In that case Wood & Tolmie had done work under a contract with the city of New York. A person injured through their negligence brought an action against the city to recover damages. The city notified Wood & Tolmie of the commencement of the action, and they, in turn, notified the insurance company, which assisted in the defense. Judgment was recovered against the city within three years after the accident. When the three years expired no action was pending against the assured, but the city, more than 30 days thereafter, brought an action against Wood & Tolmie and their surety on a bond given to indemnify it against the claim, and recovered judgment. Tolmie, as surviving partner, then brought an action to recover from the insurance company on the policy, but it was held that the action was barred, in that it was not commenced within the period provided in the policy.

The final judgments in the actions against the bridge company were entered in January and May, 1902, respectively, and, even if these could be deemed actions against the assured within the meaning of the policy, the present action was not brought within 30 days after the final judgments were rendered. It is true this action was brought within 30 days after judgment was entered upon the remittitur from the Court of Appeals in action No. 2, brought by the bridge company against these plaintiffs, but this fact cannot possibly affect the limitation clause in the policy. It was not "a suit arising out of such accident pending against the assured." It was an action brought against Creem & Co. by the bridge company to subject the former to a liability growing out of a contract which they had entered into with the latter. It seems to me, therefore, that the defense that the action was not commenced within the time specified in the policy was a bar

to the maintenance of the action, and defendant's exception to the refusal to direct a verdict in its favor was well taken.

It is suggested by the respondents that the defendant waived the limitation clause of the policy, or, at least, is estopped from resorting to it to prevent a recovery, but such waiver or estoppel was neither alleged nor proved. In this connection our attention is called to the fact that the defendant had also insured the bridge company, and, when Kate Johnston commenced an action against it, it notified the defendant of that fact, and defendant's attorneys assumed the defense of the action, and in turn notified these plaintiffs that they were liable to the bridge company in case of a recovery. The complaint alleges that:

"Thereafter, in response to such notice, and at the instance and request of the defendant herein, and upon its express promise and assurance that every opportunity would be afforded for protecting their interest to the fullest extent, these plaintiffs agreed to and did assist the defendant herein in its defense of said suit, and upon the trial thereof testified as witnesses for said Phœnix Bridge Company."

This allegation is not sufficient to admit proof of a waiver or estoppel. The trial court so held, and, having refused to permit an amendment of the complaint, struck out all testimony which had been introduced, over defendant's objection, for the purpose of showing such waiver or estoppel. The respondents insist that this ruling was erroneous; that the testimony stricken out, which is set out in the record, was sufficient to justify the jury in finding a waiver or estoppel, and for that reason this court should amend the complaint, if necessary, to sustain the judgment.

I do not think the evidence would have justified the jury in finding either a waiver or estoppel, but it is unnecessary upon this appeal to pass upon that question. The court cannot sustain the judgment by considering testimony stricken out by the court below, which was not passed upon by the jury, and to do so would not only deprive the defendant of an opportunity to controvert it, but also deprive it of an exception to a refusal to strike out.

Other errors are alleged, and, since there must be a new trial, it may not be out of place to briefly call attention to some of them. In the application for the policy the plaintiffs stated their business to be "General Contractors, sewer construction." The defendant was fully informed of the facts involved in or connected with Mrs. Johnston's injuries, and its attorneys thereafter undertook the defense of the actions brought by the Johnstons against the plaintiffs. This would seem to be a practical construction that the policy covered their liability for the accident. The work which Creem & Co. did was quite similar to sewer construction, and it could not be said that there was a breach of warranty as matter of law. The court held that phrase was ambiguous, and admitted oral evidence as to its meaning. The plaintiff Creem was allowed to testify as to his conversations with one Whiting, the broker through whom the policy was secured. The premium was based upon the amount of wages paid, and Whiting received the premium from Creem & Co. and delivered the policy. He knew of the work done, and examined the pay rolls at the end of the year—

a small additional premium being then paid. No other person made any examination to ascertain if the premium had been correctly estimated, though that right was reserved to the defendant by the policy. Whiting's authority was not shown. A superintendent of the defendant testified that he was never an agent of the company, and, so far as appears, he did nothing more than any employé or agent of the plaintiffs, familiar with the insurance business, might have done. Assuming, therefore, that the defendant would have been bound by his acts and knowledge, despite the provisions of the policy to the contrary, if he had been an agent of the insurance company, the evidence fails to show or justify a finding that he was such an agent. The admission of Creem's testimony as to conversations with him was therefore error, and it should have been stricken out on defendant's motion.

It was also error to permit a recovery for the expenses incurred by the plaintiffs in successfully defending the action brought by the bridge company on the Kate Johnston judgment. In Cornell v. Travelers' Insurance Co., 175 N. Y. 239, 67 N. E. 578, which was an action brought upon a policy containing a similar provision to the one involved in the present action, it was held that where the company failed to defend, but the assured did successfully defend an action brought against him to recover damages for alleged injuries, he could not recover his expenses incurred in defending such an action, since the policy covered only claims for which he was legally liable, and did not indemnify him against groundless claims. The plaintiffs having defended that action successfully, it is therefore established that no legal liability for damages rested upon them, and they have no claim under the policy against the defendant.

It follows that the judgment and order appealed from are reversed and a new trial ordered, with costs to appellant to abide event. All concur, except LAUGHLIN, J., who dissents in part.

LAUGHLIN, J. (concurring). I concur in the opinion of Mr. Justice McLAUGHLIN, with the exception that I think the plaintiffs sufficiently pleaded waiver and estoppel on the part of the defendant with respect to the period of limitation for bringing the action prescribed in the policy. Plaintiffs were not obliged to anticipate this defense by alleging in the complaint facts showing waiver or estoppel. When the defense was pleaded, they were at liberty to meet it, with or without a reply, by any proof tending to show that the defendant had waived its right or had, by its acts, become estopped from interposing that defense. Aside from this, however, the plaintiffs formally replied to the defense and set up facts sufficient, if established, to show waiver or estoppel. The general counsel of the defendant, who, in its behalf, was conducting the defense of the actions against the bridge company, was authorized to induce the plaintiffs to come in and aid in the defense of that action, and to rely upon his company protecting them under their policy of insurance with it; and if, as the evidence tends to show, he led the plaintiffs to refrain from employing other counsel and leave the matter in his hands on the express assurance that his company would defend them against any and all actions arising out of that action, to the full extent of the policy, the casualty

company should be held to have waived its right, and should be deemed estopped from asserting its right to defend this action as not having been timely brought within the provisions of the policy, if, but for such acts of waiver and estoppel, the rights of the plaintiffs could and might have been preserved.

The evidence of waiver and estoppel, however, having been stricken out, is not available to the respondents on this appeal. I merely wish to express my opinion that that evidence was admissible and available to the plaintiffs without any further amendment of their pleadings.