WILLIAM SCOTT, Respondent, *v.* GROVE T. CURTIS et al., Appellants.

Negligence — injury to pedestrian by falling into coal hole in sidewalk — relative liability of owner and person using coal hole.

Where the owner of premises gives permission to the employees of persons who are engaged in delivering coal to remove the cover of a coal hole in the sidewalk and a passer-by is injured by failure to properly replace the cover, the owner is liable for such injury.

The liability of the owner does not relieve the actual wrongdoers from the consequences of their acts. The liability for the injury is joint and the active wrongdoers stand in the relation of indemnitors to the owner when the owner has been held liable therefor. In such case the rule that the court will not interfere as between joint tort feasors is not applicable.

In an action brought by the owner to recover from the active wrongdoers the amount of a judgment obtained against him by the person injured, he must show that the accident occurred through their negligence. This is not sufficiently shown by introducing in evidence the judgment roll in the action against him when it does not appear thereby how the accident occurred or the specific acts upon which he bases their liability.

*Scott* v. *Curtis*, 126 App. Div. 916, reversed.

(Argued May 18, 1909; decided June 8, 1909.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 6, 1908, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank Verner Johnson* for appellants.  The burden was upon the plaintiff to show that the judgment in the former action was awarded against him for some reason or other than his own negligence, and the evidence is entirely insufficient to establish that fact.  (*O. S. N. Co.* v. *Co. Tr. Espanola*, 144 N. Y. 663.)  Upon any theory as to the cause of the accident in question, and even if there was some neglect on the part of the defendants' employees contributing thereto, the plaintiff herein was jointly responsible for the existence of any unsafe condition of the coal hole at the time the accident happened. (*Deming* v. *T. Ry. Co.*, 49 App. Div. 493 ; 169 N. Y. 1 ; *Johnston* v. *P. B. Co.*, 44 App. Div. 581 ; 169 N. Y. 581 ; *Campion* v. *Rollwagen*, 43 App. Div. 117 ; *Jennings* v. *Van Schaick*, 108 N. Y. 530 ; *Ray* v. *M. L. H. & P. Co.*, 92 Minn. 101 ; *Churchill* v. *Holt*, 131 Mass. 67.)

*William Arrowsmith* for respondent.  A person guilty of negligence is charged with the responsibility for his wrongful act, not only directly to the person injured, but indirectly to a person who is legally liable therefor, and who has been held responsible by judgment to pay the damages which ought to have been paid by the wrongdoer.  (*P. B. Co.* v. *Creem*, 102 App. Div. 354 ; 185 N. Y. 580 ; *Dunn* v. *U. A. P. Co.*, 175 N. Y. 214 ; *Chicago* v. *Robbins*, 2 Black, 429 ; *O. S. N. Co.* v. *Co. Tr. Espanola*, 134 N. Y. 467.)  The evidence submitted and the judgment roll in the case of *Fort* v. *Scott* clearly established the appellants' negligence, and it was through their wrongful acts that Mrs. Fort was injured.  (*Mayor* v. *Brady*, 151 N. Y. 616 ; *City of Rochester* v. *Montgomery*, 72 N. Y. 65 ; *Morette* v. *Bostwick*, 127 App. Div. 701 ; *Reynolds* v. *Aldermen*, 54 Misc. Rep. 73.)  The parties to this action are not *in pari delicto.*  (*P. B. Co.* v. *Creem*, 102 App. Div. 354 ; 185 N. Y. 580 ; *City of Rochester* v. *Montgomery*, 9 Hun, 394 ; 72 N. Y. 65 ; *O. S. N. Co.* v. *Co. Tr. Espanola*, 134 N. Y. 466 ; *Dunn* v. *U. A. P. Co.*, 175 N. Y. 214 ; *Lowell* v. *B., etc., R. Co.*, 23 Pick. 23 ; *Churchill* v. *Holt*, 131 Mass. 67 ; *Brooklyn* v. *B. C. R. R. Co.*, 47 N. Y. 475.)

Chase, J. The plaintiff is the owner of certain real property in the city of New York on which is a house, and under the sidewalk in front of the house are coal bins used in connection with said house and through the sidewalk is an opening or coal hole and a chute leading into said coal bins. The plaintiff purchased of the defendants fifteen tons of coal to be delivered in said bins. The defendants' employees came with a load of said coal and the plaintiff showed them where to remove the fastenings to the cover over said coal hole and saw them remove said cover and the load of coal was delivered in the bins through said hole and chute leading therefrom. The plaintiff left his house but returned before all of said coal had been delivered and as he passed over the sidewalk into his house, noticed that the cover was on the coal hole. A few minutes afterwards and before the defendants' employees had returned he heard an outcry and ascertained that a woman, passing the house on the sidewalk, had fallen into the hole. The woman who fell into the hole brought an action against this plaintiff for damages. In her complaint she alleged that "the defendant wrongfully and negligently permitted said coal hole to be and continue, and the same then and there was so badly, insufficiently and defectively covered and protected that by means thereof plaintiff * * * fell into said coal hole. * * *"

The plaintiff herein, as the defendant in said action, denied the allegations of negligence on his part. He thereupon gave notice in writing to the defendants in this action of the commencement of said action, and that the same was coming on for trial, and requested the defendants to come in and defend said action, and also notified them that they would be held liable by him for the verdict and judgment rendered in the action so brought against him, but the defendants did not intervene in said action. When said action came on for trial the defendant conceded his liability. The court thereupon directed the jury to assess the amount of damage suffered by the plaintiff, and they found a verdict in favor of the plaintiff therein in the sum of $2,500, and judgment was thereafter

entered against the plaintiff in this action for the amount of such verdict and costs.

The plaintiff in this action subsequently paid the judgment. This action was then brought against the defendants, and the plaintiff alleges that while the defendants were in the control of said coal hole and chute they "negligently and carelessly left the cover of the said hole or chute improperly, insufficiently and defectively covered and unguarded and unprotected, and that by reason of the said carelessness and negligence of the said defendants" the plaintiff in the action previously brought against him was injured, without any fault or negligence on his part, but that such injury "was wholly caused by the negligence and carelessness of the defendants."

The complaint further alleges the bringing of said action against him, and the recovery and payment of said judgment. It demands judgment against the defendants for the amount paid by the plaintiff in satisfaction of said judgment and for certain expenses incurred in defending said action.

On the trial in this action the judgment roll in said action was received in evidence and the plaintiff rested without showing in detail how the accident occurred, or the specific act or acts of the defendants upon which he bases their liability to him.

An owner of real property who maintains a coal hole in the sidewalk in front of his property is liable to a passer-by who is injured by falling into such hole when open and unguarded or when negligently and carelessly covered although the person or persons primarily negligent in omitting to cover the hole or in negligently and carelessly covering it are the employees of a coal dealer who was at the time engaged in delivering coal to the owner through said coal hole. (*Downey* v. *Low*, 22 App. Div. 460; *Campion* v. *Rollwagen*, 43 App. Div. 117; *Anderson* v. *Caulfield*, 60 App. Div. 560; *Hart* v. *McKenna*, 106 App. Div. 219.)

When the removal of a cover from a coal hole by the owner's permission creates danger to persons passing along a side-walk the owner is liable for any negligence in failing to see

that proper safeguards or warnings are provided to reasonably protect the public from such danger. ( *Weber* v. *Buffalo Railway Co.*, 20 App. Div. 292; *Mullins* v. *Siegel-Cooper Co.*, 183 N. Y. 129.)

The liability of the owner of real property for injury to a passer-by for negligence in covering, or in failing to cover or guard such a hole in a sidewalk does not relieve the active or actual wrongdoers from the consequences of their acts. The liability to the passer-by is joint. As between themselves the active wrongdoer stands in the relation of an indemnitor to the person who has been held legally liable therefor. ( *Phœnix Bridge Co.* v. *Creem*, 102 App. Div. 354; affd., 185 N. Y. 580.)

Where the liability rests upon two or more persons who are as against the person injured jointly liable for the injury the rule invoked by the defendants that the court should not interfere as between joint tort feasors is not applicable, where one of the two or more persons chargeable with negligence is primarily liable therefor and the others are only liable by reason of their ownership of the property and not by reason of any negligence occurring by their active interposition or with their affirmative knowledge and assent. When an employee or independent contractor assumes the duty of performing an act which is dependent upon his personal care and attention and an injury arises by reason of lack of such care and attention such person is liable to the owner of the property if he is called upon to pay and does pay the damages arising from such negligence. ( *Phœnix Bridge Co.* v. *Creem*, *supra; Dunn* v. *Uvalde Asphalt Paving Co.*, 175 N. Y. 214.)

The plaintiff in this action cannot recover unless he shows that the active negligence and wrong which caused the injury to the person falling into the hole was the negligence and wrong of the defendants. As we have stated, it does not appear from the record how the accident occurred. If it occurred by the negligent and careless manner in which the defendants temporarily covered or guarded the coal hole it

may be assumed that this action will lie. If, however, the injuries occurred by reason of the cover of the hole breaking without any negligence or carelessness on the part of the defendants or by reason of some carelessness of the plaintiff in this action or by reason of some defect in the construction of the cover to such coal hole wholly independent of the temporary use thereof the defendants are not liable.

It may be assumed for the purpose of this opinion that notwithstanding the plaintiff's admission that he was liable in the action brought by the person who fell into the coal hole, nevertheless the judgment roll establishes as against the defendants herein that the plaintiff therein was injured by reason of negligence in connection with the covering of said hole and that no negligence of hers contributed to such injury and that it also establishes the amount of her damages, but it was also incumbent upon the plaintiff to give evidence in addition to the judgment roll in that action to show that the accident occurred by negligence for which the defendants were primarily liable. This he wholly failed to do and the judgment must, therefore, be reversed, with costs, and a new trial granted.

GRAY, VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur; CULLEN, Ch. J., absent.

Judgment reversed, etc.