RAYMOND HAILFINGER, Appellant, *v.* WILLIAM MEYER, Respondent.

Fourth Department, December 23, 1925.

**Parties — additional defendant — action for injuries suffered when plaintiff fell into manhole on defendant's premises — work was under control of independent contractor — court did not err in bringing in contractor on application of owner, under Civil Practice Act, § 193, subd. 2 — moving papers, however, were insufficient — defendant and not plaintiff should serve supplemental summons and assert claim against contractor in answer.**

In an action to recover damages for injuries suffered by the plaintiff, when he fell into a manhole on defendant's premises, in which it appears that the work on defendant's premises was under the control of an independent contractor, the independent contractor can properly be brought in, on an application of the defendant, as an additional party, under subdivision 2 of section 193 of the Civil Practice Act, since the plaintiff might sue either the owner of the premises or the independent contractor, or both, and since the contractor, if not brought in as a party in this action, may later be made liable to the owner as an indemnitor.

But the moving papers presented by the defendant were insufficient to sustain the order, since the defendant does not show whether the contractor is a corporation, a partnership, or an association of seven or more members.

Furthermore, the plaintiff should not be required to serve a supplemental summons and an amended complaint. The defendant should prepare and serve the supplemental summons and should, in his answer, assert the claim against the independent contractor.

APPEAL by the plaintiff, Raymond Hailfinger, from an order of the Supreme Court, made at the Cattaraugus Special Term and entered in the office of the clerk of the county of Cattaraugus on the 20th day of April, 1925, granting defendant's application to bring in an additional defendant.

*Henry P. Nevins,* for the appellant.

*Allen J. Hastings,* for the respondent.

TAYLOR, J. This plaintiff was injured by falling into a manhole in the street sidewalk in front of defendant's premises in Salamanca, N. Y. For the purpose of doing work on the premises the manhole cover or grating had been removed by an independent contractor of the defendant. This action is brought to recover damages against the owner of the land.

Whether or not the work being done by this independent contractor, including the removal of the manhole cover as a part thereof, caused a dangerous situation to an extent and of a character such as to render the contractor liable to this plaintiff may not be a matter of easy determination. (*Paltey* v. *Egan,* 200 N. Y. 83; *Hyman* v. *Barrett,* 224 id. 436, 438.) At any rate, plaintiff had the option of suing both this defendant and the independent contractor, or either of them; and in case of a recovery against the owner as sole defendant, the owner might recover over against the independent contractor. ( (*Scott* v. *Curtis,* 195 N. Y. 424.) The owner and contractor were not in *pari delicto;* wherefore, " the principal delinquent may be held responsible to his codelinquent for damages incurred by their joint offense." (*Lowell* v. *Boston & Lowell R. R. Corp.,* 23 Pick. 24, 32.)

Subdivision 2 of section 193 of the Civil Practice Act provides that: " Where any party to an action shows that some third person, not then a party to the action, is or will be liable to such party wholly or in part for the claim made against such party in the action, the court, on application of such party, may order such person to be brought in as a party to the action and direct that a supplemental summons and a pleading alleging the claim of such party against such person be served upon such person and that such person plead thereto, so that the claim of such moving party against such person may be determined in such action, which shall

thereupon proceed against such person as a defendant therein to such judgment as may be proper."

On motion of the owner defendant, proceeding under the statute just quoted, the court has ordered, in substance, that " the plaintiff herein bring in as additional defendants in this action the McCann Hardware Company or the proprietors thereof, and that said plaintiff cause to be issued and served a supplemental summons and an amended complaint upon the said additional defendants."

Section 192 and the other subdivisions of section 193 of the Civil Practice Act are derived mainly from the English Rules of the Supreme Court (Order 16, rule 11; White, King & Ball's The Annual Practice [ed. 1925], p. 240 *et seq.*), from the New Jersey Practice Act of 1912 (N. J. Laws of 1912, pp. 378, 379, chap. 231, §§ 8, 9; Comp. Stat. N. J. Cum. Supp. [1911–1924], vol. 2, p. 2814, §§ 163—284, 163—285) and in part from section 452 of our Code of Civil Procedure. The English Rules of the Supreme Court have inaccurately become known in this State and country as the English Practice Act. (*Williams* v. *Tompkins, Inc.*, 208 App. Div. 574, 581.) But subdivision 2 of section 193 of our Civil Practice Act is new. (Laws of 1923, chap. 250. See, also, Laws of 1922, chap. 624, amdg. said § 193.) It does not find its source in either of the acts or rules mentioned. (*Fedden* v. *Brooklyn Eastern Dist. Terminal*, 204 App. Div. 741.)

The granting of the order under consideration was discretionary. The subdivision of the statute in question reads " the court * * * may order such person to be brought in as a party."

" While the Civil Practice Act has not gone so far as the English rules, it is apparent that the Legislature by the provisions of sections 96, 192, 193, 209, 210, 211, 212 and 213, in connection with the revision and re-enactment of many other sections, has committed to the courts a wide discretion in the administration of litigated business. The various sections relating to joinder of parties and causes are permissive merely. The right to join and the right to consolidated trial are subject to the exercise by the court, in the interest of justice, of its discretionary powers. But the policy which dictated the greater liberality demands that the court shall not, by the use of those powers, prevent what the law permits unless it is clear that some substantial right is in jeopardy." (*Sherlock* v. *Manwaren*, 208 App. Div. 538.)

Inasmuch as this independent contractor may later be made liable to the owner defendant as an indemnitor, the motion of the owner should prevail. (*May Co.* v. *Mott Ave. Corp.*, 121 Misc. 398; *Fedden* v. *Brooklyn Eastern Dist. Terminal, supra.*)

We concur with the Special Term in its exercise of discretion.

However, the moving papers herein are indefinite and incomplete. No information is presented as to the status of the " McCann Hardware Company " in law; it not appearing whether that " company " is a copartnership, a corporation or an association of seven or more persons. And the order under review should be revised. The statute to which resort is had provides for the service of a supplemental summons, but it does not state that the plaintiff is always required to serve it. The words " such party " recurring in the statute refer in this instance to the existing defendant; and for obvious reasons the defendant should obtain the information necessary for the lawful designation of the independent contractor and should prepare and serve the supplemental summons. (*Conners Car Co., Inc.,* v. *Manufacturers & Traders Nat. Bank of Buffalo,* 214 App. Div. 811.)

Furthermore, plaintiff should not be required to serve an " amended complaint." " Such party " (meaning this defendant) is in a position to and should in his answer state the " claim " against the proposed new defendant.

The order appealed from is correct as to its general authorization of the relief sought by defendant. But on account of the deficiency in the moving papers relative to the legal status of the proposed additional defendant, we must reverse the order, with ten dollars costs and disbursements, with leave to defendant to proceed at Special Term in accordance with this opinion.

HUBBS, P. J., CLARK, SEARS and CROUCH, JJ., concur.

Order reversed, with ten dollars costs and disbursements, with leave to defendant to proceed at Special Term in accordance with the opinion.