JERSEY SHORE TRUST COMPANY, Appellant, v. JAMES O. SEBRING, Respondent.

* Amd. by Laws of 1926, chap. 464.— [REP.

— This record discloses marked laches, in which each side has participated. But the balance against defendant in this regard is not so preponderating as to warrant reversal upon that ground. A majority of this court is of the opinion that the exercise of discretion resulting in the order appealed from should not be disapproved. But the order should be modified to provide that within twenty days after its entry, defendant, not plaintiff, should serve upon each of the proposed new defendants and upon plaintiff a supplemental summons and an appropriate pleading. (*Hailfinger* v. *Meyer*, 215 App. Div. 35, 38.) Since one of the proposed defendants is a non-resident, we call particular attention to paragraph [subdivision] 4 of section 193 of the Civil Practice Act* to the effect that the bringing in of the additional parties should not be permitted to delay plaintiff in attempting to prosecute its claim to judgment or in entering and enforcing any judgment it may obtain herein. Order modified accordingly, and as modified affirmed, without costs of this appeal to either party. All concur, except Crouch and Thompson, JJ., who dissent and vote for reversal and denial of the motion upon the ground that since there is nothing to indicate that jurisdiction of the person of the added non-resident defendant can be obtained, the administrative convenience of joint trial, which alone could justify the order, disappears. Either the order is a mere gesture or it is the source of further unjust delay to plaintiff; and it may be both. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ.

* Amd. by Laws of 1923, chap. 250.— [REP.