In the Matter of the Application and Petition of THE CITY OF NEW YORK to Acquire Certain Real Estate at Mohansic Lake and Little Mohansic Lake, in the Town of Yorktown, Westchester County, New York, etc., for the Sanitary Protection of the Water Supply of The City of New York. (Additional Taking.) Parcel No. 1. Parcel No. 2.— Motion to dismiss appeals denied for the reasons stated in the opinion in *Matter of City of New York (Mohansic Lake)* (234 App. Div. 399), decided herewith. Present — Lazansky, P. J., Kapper, Scudder, Tompkins and Davis, JJ.

MINNIE SCHWARTZ and SAMUEL SCHWARTZ, Respondents, v. B. S. CONEY ISLAND BATHS, INC., Appellant.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Kapper, Scudder, Tompkins and Davis, JJ.

WARNER QUINLAN COMPANY, Respondent, v. WILLIAM RAUCHWERGER, Appellant, and PARKER OIL COMPANY, Respondent.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

HARRY BERGOFFEN and Others, Respondents, v. JULIA HOBART, Appellant.— Order, as resettled, denying defendant's motion for judgment on the pleadings affirmed, with ten dollars costs and disbursements, on authority of *N. E. D. Holding Co.* v. *McKinley* (246 N. Y. 40). Lazansky, P. J., Young and Carswell, JJ., concur; Kapper and Hagarty, JJ., dissent and vote to reverse the order on the ground that the contract is too indefinite and uncertain as a basis for an action for specific performance.

THE BROOKLYN NATIONAL BANK OF NEW YORK, Appellant, v. COLD SPRING HARBOR VILLAGE IMPROVEMENT SOCIETY, Respondent.— Order directing joinder of additional parties defendant and the service of a supplemental summons and an amended complaint affirmed, with ten dollars costs and disbursements. No opinion. Young, Kapper, Carswell and Tompkins, JJ., concur; Davis, J., dissents and votes for reversal on the ground that the order requiring plaintiff to serve a complaint " setting forth the relation of each to the cause of action of plaintiff's assignor " is meaningless and does not constitute the basis of a pleading; that the plaintiff is asserting no claim to the *res* and there is no issue between it and the lienors; and if it is desired that other parties should be brought in, then the duty of preparing the supplemental summons and complaint should fall on the party seeking such relief. (*Hailfinger* v. *Meyer*, 215 App. Div. 35.)

THE DIME SAVINGS BANK OF BROOKLYN, Plaintiff, v. SEVBAR HOLDING CO., INC., and Others, Defendants; AKIBA HELLER, Receiver, Appellant; JOHN B. WHITE, Receiver, Respondent.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, on the ground that the inadvertence occurring by the failure to pay the clerk the one dollar filing fee on the bond of appellant, which had been duly approved, was a mere irregularity which was cured, and the acts of the said receiver validated from the date of his appointment, when the bond was actually filed. The appellant, as receiver, was entitled to hold the rents thus collected until called upon to account therefor by the court appointing him. Lazansky, P. J., Kapper, Scudder, Tompkins and Davis, JJ., concur.