**TRANSPORT CO. OF TEXAS v. GALLMAN**
(two cases).

**SAME v. SWISHER.**
Nos. 11498–11500.

Court of Civil Appeals of Texas.
San Antonio.

March 28, 1945.

Rehearing Denied April 25, 1945.

W. F. Nowlin and Grady Barrett, both of San Antonio, for appellant.

L. B. Cooper, of Cotulla, for appellee.

MURRAY, Justice.

The three above-entitled and numbered causes were filed in the District Court of La Salle County by J. H. Gallman, Barbara Gallman and Martha Swisher, respectively, against Edgar M. Linkenhoger, doing business under the trade name of Transport Company of Texas, seeking to recover damages resulting from a collision between an automobile owned by J. H. Gallman and being driven at the time by his daughter Barbara Gallman, in which automobile Martha Swisher was riding as a guest, and a large oil truck belonging to the defendant and being operated at the time of the collision by one Wm. S. Campbell.

Edgar M. Linkenhoger filed pleas of privilege to be sued in the county of his residence, Nueces County, Texas. These pleas of privilege were controverted by the respective plaintiffs and after hearing evidence the pleas of privilege were overruled. From these judgments Edgar M. Linkenhoger, doing business as Transport Company of Texas, has prosecuted these appeals. The three cases were heard together in the court below and will be disposed of in a similar manner here.

The trial judge made findings of fact which are not challenged and are here adopted, to-wit:

"Findings of Fact

"I. I find that the parties to the above three causes, represented by their attorneys, entered into a stipulation that the testimony be heard in Cause No. 2867, styled Barbara Gallman v. Transport Company of Texas et al., and the record so made, should be considered by the court as the testimony in each of the respective causes, and in case of an appeal should constitute the statement of facts in each of said causes.

"II. That W. S. Campbell was then, at the time and place of the collision in question, operating a truck, a commercial motor vehicle, owned by the defendant herein.

"III. That said W. S. Campbell was then and there the agent and employee of said defendant and was then and there acting and operating within the course and scope of his employment for and on behalf of the defendant herein.

"IV. That the defendant, Edgar M. Linkenhoger, owner of the business operating under the name of Transport Company of Texas, is a resident of Nueces County, Texas, and not of La Salle County, Texas.

"V. That at the time of and just prior to the collision in question the said W. S. Campbell, employee of the defendant, was operating said truck in excess of forty-five miles per hour.

"VI. That the plaintiff, Barbara Gallman, was operating the Chevrolet car, described in plaintiff's petition, on U. S. Highway 81, and that at the time of said collision she was proceeding in a northeasterly direction, well over near the edge of her righthand side of the road, operating said car at approximately twenty miles per hour, and operating the same in a careful and prudent manner.

"VII. I find that the said W. S. Campbell, while operating said truck as aforesaid, ran said truck into the rear end of the car driven by Barbara Gallman, striking said car with great and violent force, overturning the same some three or four times in the middle of the Nueces bridge, and that at said time of said impact the car operated by Barbara Gallman was way over near her righthand side of the road, and that at said point and for considerable distance in either direction from said point said highway was a two lane highway with ample room for cars to pass each other on one another thereon.

"VIII. I also find that at said time said highway was clear and unobstructed for a considerable distance except for the two vehicles in question.

"IX. I find that as a result of said collision the said Barbara Gallman and Martha Swisher both received injuries to their persons for which they each sue in the above styled and numbered causes, and that the said J. H. Gallman received injuries to his automobile, the one in question, to the extent of some $700.00.

"X. I also find that Barbara Gallman is past twenty-one years of age, is a single woman, and was at the time operating her father's car with his consent.

"XI. I find that the said W. S. Campbell, at said time and place, was guilty of active and positive negligence in so operating the truck in question in connection with said collision, and that said collision occurred in La Salle County, Texas.

"XII. I further find that the collision in question and the injuries sustained by each of the plaintiffs were proximately caused by the active and positive negligence of the defendant's servant aforesaid."

■ Appellant's first point reads as follows: "Suit against appellant, Linkenhoger, a resident of Nueces County, cannot be maintained in La Salle County on the ground that a crime or offense was committed by his truck driver in the latter county under Subdivision 9 of Article 1995, as it is undisputed that appellant did not personally participate in, nor was a party to such crime or offense."

Appellees concede this point to be well taken and it is sustained by us.

Appellant's second point is as follows: "The only specific act of negligence alleged and relied on by appellee to confer venue in La Salle County on the theory of an active trespass was that the truck driver ran into the rear of the automobile because he failed to maintain a reasonable and proper lookout. Such failure, if any, constitutes mere passive negligence and is insufficient to maintain venue outside the county of appellant's residence, and the trial court erred in not sustaining appellant's plea of privilege."

■ We overrule this point. The point assumes that the only act of negligence relied upon by appellees was the failure of the truck driver to keep a proper lookout while the trial judge found also that the truck driver was operating the truck in excess of 45 miles per hour. Appellant contends that failure to keep a proper lookout is not such active negligence as will show a trespass under the provisions of Subdivision 9 of Art. 1995, Vernon's Ann.Civ.Stats. Conceding that this is true, we still have the driving at an illegal rate of speed to deal with. Barbara Gallman was driving her father's automobile with his consent upon the bridge over the Nueces River near Cotulla at about 20 miles per hour when she was overtaken and rammed into by defendant's truck. The trial court found from sufficient evidence that the truck was being operated at an illegal rate of speed and that such negligence was a proximate cause of the collision. Certainly, driving a car at an illegal rate of speed, thereby proximately causing a collision, is active negligence as distinguished from passive negligence. Prince v. Miller, Tex.Civ.App., 131 S.W.2d 1077; Stovall v. Whatley, Tex.Civ.App., 183 S.W.2d 672; Jennison v. Darnielle et ux., Tex.Civ.App., 146 S.W.2d 788; Saladiner v. Polanco, Tex.Civ.App., 160 S.W.2d 537.

■ Appellant seems to base his contention upon the statements of Miss Gallman and Miss Swisher to the effect that they thought the trouble was that the truck driver was not looking and did not see them. These admissions, made as a result of cross-examination, did not have the effect of

waiving the other evidence in the case, nor did they preclude the trial judge from considering all the evidence before him in making his conclusions. There was evidence to support the trial judge's finding that the truck was being operated at an unlawful rate of speed and this Court is bound by that finding.

The judgment in each of the above styled and numbered causes is affirmed.