## WESTHEIMER TRANSFER & STORAGE CO., Inc., v. HOUSTON BLDG. CO., Inc.

### No. 11818.

Court of Civil Appeals of Texas. Galveston.

Nov. 7, 1946.

Rehearing Denied Dec. 18, 1946.

Vinson, Elkins, Weems & Francis, C. M. Hightower and Thos. B. Weatherly, all of Houston, for appellant.

Fulbright, Crooker, Freeman & Bates, Newton Gresham and John H. Crooker, Jr., all of Houston, for appellee.

GRAVES, Justice.

This statement of the nature and result of this suit, as well as of its background, considered to be correct as such, is thus quoted in substantial part from one appearing in the appellee's brief herein:

"Mrs. Mamie Ruiz was injured by tripping and falling over the door of a street elevator, in front of the Second National Bank Building, in Houston. At the time, the door was being opened to permit Westheimer Transfer & Storage Co., Inc., to deliver supplies through such street elevator to a tenant in the building. Mrs. Ruiz brought a $48,000.00 damage suit (not the case at bar) against Houston Building Company, Inc., (owner of the Second National Bank Building); and Westheimer Transfer & Storage Co., Inc., (the company desiring to deliver goods on to the freight elevator at the time of Mrs. Ruiz's injuries) was made a cross-defendant in such suit. The principal ground of negligence alleged by Mrs. Ruiz in her suit was the failure of the defendant to properly guard the door, or opening, of the street elevator. The chief question in that case and in the instant case centered around the duty to guard the street elevator door. The Ruiz suit went to trial, but before the conclusion of the evidence, Mrs. Ruiz agreed to settle her claim for $1,750.00 plus $87.00 court costs. Westheimer Transfer & Storage Co., Inc., declined to pay all, or any part of this amount, to Mrs. Ruiz.

"Houston Building Company, Inc., paid Mrs. Ruiz the $1,750.00, plus $87.00 costs; and counsel for Westheimer Transfer & Storage Co., Inc., appellant in this cause, executed to Houston Building Company, Inc., a letter agreement as follows:

" 'We understand that, if you make this settlement with Mr. and Mrs. Ruiz, you intend thereafter, on behalf of your client, to assert against Westheimer Transfer & Storage Company, Inc., an action for indemnity and/or contribution, and the purpose of the agreement evidenced by this letter is to relieve you, in such event, from the necessity of establishing that your client was liable to Mr. and Mrs. Ruiz, and that its liability equalled or exceeded the amount paid in settlement.'

"Thereafter, appellee brought the instant suit against appellant for indemnity (or, in the alternative, for contribution). Appellee pleaded that it was liable to Mrs. Ruiz and other members of the public, no matter what agreements, understandings, or arrangements may have existed between appellee and appellant; and appellee then pleaded that at the time in question, one Warren (the agent, servant, and employee of appellant), gave assurances to Wm. Rucksdashel (appellee's employee), that one Melton (another agent, servant, and employee of appellant), was guarding the street elevator door, over which Mrs. Ruiz tripped and was injured. Appellee sought judgment against appellant for the entire amount appellee had paid Mrs. Ruiz, if the jury found that the only negligence (as between appellant and appellee) was that of appellant; and it further sought contribution for one-half of the amount paid Mrs. Ruiz, if the jury found that—as between appellant and appellee—both parties were negligent. The jury found: (1) That appellant's employees were negligent; (2) that such negligence was the sole proximate cause of the injury to Mrs. Ruiz; (3) that appellant's employee, Warren, was acting within the course of his employment; and (4) that appellee was not negligent. The court accordingly rendered judgment for the appellee for $1,837.00 (the entire amount which had been paid by it to Mrs. Ruiz, plus court costs in the Ruiz suit)."

In this court, appellant presents some twenty-three points of error for a reversal of the recovery so allowed against it, of which the first two are these:

"First. Error of court in overruling appellant's motion for instructed verdict, filed and presented at the close of the evidence.

"Second. Error of court in overruling defendant's motion for judgment non obstante veredicto".

As applied to the facts here, these two somewhat differing modes of procedure—depending upon what stage of the trial they were invoked at—really raise but one

underlying question of law, which is this: Whether the appellant, as between it and the appellee, owed the latter the duty to guard the street elevator door, and whether the former's employee, Warren, was acting in the scope of his employment, as the jury found in its answer to special issue No. 6; as against appellant's contention that it had prohibited both its employees Warren and Melton from ever assuming for it the responsibility of guarding any street elevators, and if they undertook that here, they were mere volunteers, for which act appellant was not responsible.

Appellant very ably argues that, in view of the appellee's admission that it owed a non-delegable duty to the general public to guard the elevator doors here involved, the appellee could not, therefore, be free of negligence as between it and the appellant, when the appellee, concededly in this instance, took no care to see that the elevator doors were guarded, although it had "by reason of the dangerous nature of the operation of the elevator, and the fact that the law imposed upon them a duty of more than ordinary care, reserved the operation of and the incidental guarding of the elevator solely unto itself."

In sum, appellant assails the appealed-from judgment for indemnity against it as having been based upon the theory that it and appellee were joint tort-feasors, hence that the indemnity had so been allowed between them as tort-feasors; it protests, (1) that such an indemnity could in law be only allowed in favor of a passive tort-feasor as against an active one; (2) that appellee having pled that it did in fact owe a non-delegable duty to Mrs. Ruiz, appellant accordingly could not have been a joint tort-feasor with the appellee; (3) the finding of the jury that appellant's negligence was the sole proximate cause of the injury perforce acquitted the appellee of having been a joint tort-feasor with it.

The appellee, in turn, defending the judgment, presents that the vice in appellant's whole position is that the indemnity it sought, and the trial court so allowed, was not based at all upon the theory that—as between two joint-feasors—the one guilty of passive negligence was entitled to in-

demnity from the one guilty of active negligence.

In a word, the appellee thus gives what it conceives to have been the legal basis for the recovery awarded it:

"The true rule of law, upon which this judgment is based, can be stated thus: where one party (appellant) commits a tort, and another party (appellee) is liable to the person injured by virtue of a rule of law, indemnity is allowed. In this case, under the findings of the jury, the tort was committed by Westheimer's, whose negligence was the sole proximate cause of Mrs. Ruiz' injury. Houston Building Company had a non-delegable duty to the public to make the sidewalk elevator in question safe, so far as the public was concerned. It was, therefore, liable to Mrs. Ruiz, but, since Westheimer's negligence was the sole proximate cause of her injury, the actual tort was committed by Westheimer's, and Houston Building Company was liable to her only by virtue of a rule of law, to-wit, that its duty was non-delegable. It was, therefore, entitled to indemnity against Westheimer's."

It supports that declaration with the citation of these authorities: Galveston, H. & S. A. R. Co. v. Pigott, 54 Tex.Civ.App. 367, 116 S.W. 841; Kampmann v. Rothwell, 101 Tex. 535, 109 S.W. 1089, 17 L.R.A.,N.S., 758; Shearman & Redf. on Negligence, 5th Ed., Sec. 24a; 70 A.L.R. pp. 1381 to 1384; French v. Boston Coal Co., 195 Mass. 334, 81 N.E. 265, 11 L.R.A., N.S., 993, 122 Am. St.Rep. 257; Annotation in 70 A.L.R., beginning at page 1387, entitled "Liability of Independent Contractor Over to Owner"; Scott v. Curtis, 195 N.Y. 424, 88 N.E. 794, 40 L.R.A., N.S., 1147, 133 Am.St.Rep. 811; Hailfinger v. Meyer, 215 App.Div. 35, 212 N.Y.S. 746; Wise Shoes v. Blatt, 107 Pa. Super. 473, 164 A. 89; Rafferty v. City of Marysville, 207 Cal. 657, 280 P. 118; St. Paul Fire & Marine Ins. Co. v. Standard Casualty & Surety Co., La.App., 3 So.2d 463, and American Employers' Ins. Co. v. Gulf States Utility Co., La.App., 4 So.2d 628.

On the controlling issue of substantive law thus raised between the parties, this court sustains the quoted declaration

468

of the appellee as reflecting the rule in Texas, as declared by the last-cited authorities.

It follows that all of appellant's contentions—so resting upon its assumption that it was held liable herein upon the theory that it was joint tort-feasor with the appellee—must be overruled.

In its reply brief to that of the appellee so presenting the last-cited authorities for the latter's contrary position, appellant seeks to distinguish those holdings as having been based upon materially different facts from those here obtaining; for instance, in the Kampmann v. Rothwell case, it suggests that Mrs. Kampmann "was held liable because of ownership of property only", whereas, in this instance, the appellee, being under "a duty of more than ordinary care, reserved the operation of and the incidental guarding of the elevator solely unto itself", citing in support of such claimed distinction, Scott v. Curtis, 195 N.Y. 424, 88 N.E. 794, 40 L.R.A.,N.S., 1147, 133 Am.St.Rep. 811.

It further challenges the applicability of the appellee's cited cases in 70 A.L.R. 1381, conceding that those cases "enumerate the correct proposition of law where the persons delivering the goods are permitted to use and operate the instrumentality causing the injury. But such cases have no application where the employees of the company delivering the goods are not allowed either expressly or impliedly to deal with the instrumentality causing the injury."

It then asserts the true rule, under factual situations analogous to that here, to have been declared in 70 L.R.A. on page 1370, as well as in 16 Tex.Jur., Sec. 7. Along the same line, it further cites these authorities: Metzger Dairies v. Wharton, Tex.Civ.App., 113 S.W.2d 675; Jarvis-Tull & Co. v. Williams, Tex.Civ.App., 114 S.W. 2d 1218; Subdivision 9, art. 1995, Vernon's Ann.Texas Statutes, Vol. V., and note subd. 9, pp. 126-130 and Supplement; Transport Co. of Texas v. Gallman, Tex.Civ.App., 186 S.W.2d 1003; 13 Am.Jur., Secs. 39-50; 18 C.J., pages 14-20; 26 C.J.S., Debt, Action of, §§ 10-17, pp. 23-30; 38 A.L.R. 526; Wheeler v. Glazier, 137 Tex. 341, 153 S.W. 2d 449, 140 A.L.R. 1301.

These contentions are overruled, however, upon the conclusion that they rest upon an unsound theory about what must on this appeal be regarded as the facts of this case, brief reference to which will now be made.

This court has carefully reviewed all the appellant's attacks in its remaining 21 points of error on the trial court's holdings, inclusive of the question of the sufficiency of the evidence to sustain not only the jury's verdict upon the special issues submitted, but upon the trial court's independent findings as well, and overrules them all.

It holds, in brief, that not only did the trial court properly apply the law to the developed facts of the cause, but that, in submitting the special issues to the jury, it correctly embodied the material issues of fact in the controversy, and that the evidence sustained the jury's findings thereon.

Especially is it held that appellant's employee, Warren, was properly found by the jury to have been acting in the scope of his employment for it when he gave assurances to appellee's building-manager that appellant's other emloyee, Melton, was guarding the street elevator door at the time Mrs. Ruiz was injured.

Neither is it deemed necessary to go into an extended discussion of whether, within the meaning of the rule of law applicable, Warren was then acting in the course of his employment for appellant. That for the reason that it seems plain to this court, under our well-settled authorities, that both he and Melton were shown to have been so plainly acting at the time, in that, undisputedly, they were sent out to deliver merchandise from the appellant as its carrier to the consignee thereof in the appellee's office-building itself; hence they were doing the very thing they had been employed to do, since their task was not ended until they made the actual delivery.

In such clear-cut instances, our courts have often declared, in analogous cases, that such employees were, in legally comparable circumstances, performing the duties pertaining to their employment, and that—as appellant insists Warren and Melton did in this instance—even if they may

have—en route—deviated from their master's instructions, they were not thereby taken out of the scope of their employment for the master. Among such holdings are these: Hill v. Staats, Tex.Civ.App., 189 S.W. 85, writ refused; M. K. & T. Ry. Co. v. Salsman, Tex.Civ.App., 58 S.W.2d 1026, writ dismissed; Texas Power & Light Co. v. Denson, 125 Tex. 383, 81 S.W.2d 36; Acme Laundry v. Weinstein, Tex.Civ.App., 182 S.W. 408, writ refused; Meechem on Agency, Vol. 2, Sec. 1879.

In view of what has been said, further discussion is deemed unnecessary, since the conclusions stated determine the merits of the appeal. They require that the judgment of the trial court be affirmed; it will be so ordered.

Affirmed.